■ JACK MOSES, Respondent, v. UNITED STATES TRUCKING CORP., Appellant.— In an action to recover damages for personal injuries, the appeal is (1) from a judgment, entered after trial before the court without a jury, in favor of respondent, and (2) from the decision (referred to in the notice of appeal as a " decision and order ") on which the judgment was entered. Respondent was injured when he was struck by appellant's motor vehicle while he was crossing a street on foot. Judgment unanimously affirmed, with costs. No opinion. Appeal from decision dismissed. No appeal lies from a decision. Present — Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ.

■ REGISTERED COUNTRY HOME BUILDERS, INC., Respondent, v. GEORGE R. LANCHANTIN, Appellant.— In an action against an attorney to recover damages for malpractice, the appeal is from a judgment of the County Court, Rockland County, entered upon the verdict of a jury, in favor of respondent. Judgment reversed and a new trial ordered, with costs to abide the event. The questions of fact have been considered, and a new trial would not be granted on those questions. During the cross-examination of respondent's present attorney, who testified as a witness in respondent's behalf, appellant endeavored to show that the attorney's compensation in the instant action was contingent upon a recovery herein. That proof was held inadmissible on the ground that it related to a privileged communication between attorney and client. We believe such ruling was error requiring a new trial. In our opinion, the terms of the retainer, as to the attorney's compensation, were not privileged within the meaning of section 353 of the Civil Practice Act (cf. *Matter of Myer* v. *Myer*, 189 Misc. 406, affd. 272 App. Div. 814; 97 C. J. S., Witnesses, § 283, subd. f), and the evidence tending to show the interest of the witness should have been allowed. The question as to appellant's negligence was close, and it may not be said that the error did not affect the verdict or substantially prejudice appellant's rights (cf. *Christensen* v. *Pittston Stevedoring Corp.*, 283 App. Div. 1088). Nolan, P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.

■ ANGELINA TRIOLA, as Administratrix of the Estate of STEPHEN J. TRIOLA, Deceased, Appellant, v. LONG ISLAND RAIL ROAD COMPANY, Respondent.— In an action to recover damages for wrongful death, the appeal is from a judgment, entered upon a jury's verdict, dismissing the complaint. Appellant's intestate was killed while boarding a moving train. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ.

■ WITHATTAN REALTY CO., INC., Appellant, v. H. ABRAHAM, INC., Respondent.— In a summary proceeding to recover possession of real property, the appeal by permission of this court is from an order of the Appellate Term which (1) reversed an order of the Municipal Court of the City of New York, Borough of Brooklyn, Third District, striking out the setoffs and counterclaims in respondent's answer, and (2) denied the motion. Order unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Beldock, Ughetta, Kleinfeld and Brennan, JJ.