■ In the Matter of KENNETH W. GLINES, Appellant, v. ESTATE OF EARL E. BAIRD, Respondent.— Decree unanimously reversed on the law and facts and matter remitted to the Surrogate's Court for further proceedings in accordance with the memorandum. Memorandum: Upon the trial of petitioner's claim against decedent's estate for the value of legal services which he allegedly rendered to decedent, the Surrogate excluded testimony of petitioner's secretary on the ground that she was prohibited from testifying by the provisions of section 353 of the Civil Practice Act. Although her employment by petitioner rendered her testimony subject to the provisions of section 353 which prohibits disclosure of privileged communications between attorney and client, her testimony was nevertheless admissible, insofar as it related to the existence or terms of a contract for legal services between claimant and decedent and services performed thereunder. "The terms of the retainer, as to attorney's compensation were not privileged within the meaning of section 353 of the Civil Practice Act. (Cf. *Matter of Myer* v. *Myer*, 189 Misc. 406, affd. 272 App. Div. 814; 97 C. J. S., Witnesses, § 283, subd. f.) " (*Registered Country Home Builders* v. *Lanchantin*, 10 A D 2d 721; *Hampton* v. *Boylan*, 46 Hun 151; *Matter of Carter*, 122 Misc. 493, 495.) "Likewise, the rule as to privileged communications does not apply when litigation arises between an attorney and client to the extent that their communications are relevant to the issue ". (97

C. J. S., Witnesses, § 283, p. 808; *Rochester City Bank* v. *Suydam, Sage & Co.*, 5 How. Prac. 254; 58 Am. Jur., Witnesses, § 514; see, also, Note 7 L. R. A. [N. S.] 426.) (Appeal from decree of Chautauqua Surrogate's Court dismissing a claim against the estate for legal services rendered to decedent.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.