(March 26, 1970)

■ RAYMOND MANCINELLI, Respondent, v. TEXAS EASTERN TRANSMISSION CORP., Appellant. RAYMOND MANCINELLI, Respondent, v. PYROFAX GAS CORP., Appellant.— Order entered on or about November 19, 1969, unanimously reversed on the law, with $30 costs and disbursements to defendants-appellants, and the motion for inspection granted; said inspection to be held as suggested by the Attorney-General. Defendant in this negligence action sought an order to inspect and examine certain records of Harlem Valley State Hospital pursuant to sections 20 and 34 of the Mental Hygiene Law. The records in question pertain to plaintiff's hospitalization some four years prior to the accident. Special Term denied the application upon the ground that the records were privileged pursuant to CPLR 4504 (subd. [a]). Questions have arisen out of the distinctions between the two statutes, and no altogether satisfactory rule has been evolved (cf. *Matter of Coddington,* 307 N. Y. 181; *Matter of Warrington* [*State of New York*], 303 N. Y. 129). And in a proper case exploration in depth might be in order. Here, however, the question does not arise. The complaint alleges that plaintiff suffered, among other injuries, severe mental injuries and extensive psychological damage. He therefore puts in issue his mental and psychological condition following the accident, and his attribution of these conditions to the accident puts in issue whether or not they actually antedated the accident. Under these circumstances it is unequivocally held that the privilege is waived (*Koump* v. *Smith,* 25 N Y 2d 287, 294). Concur — Eager, J. P., Capozzoli, McGivern, Nunez and Steuer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CARMINE LOMBARDI, Appellant.— Order entered February 11, 1968 unanimously affirmed. Nunez, J., concurs on constraint of *People* v. *Ortiz* (32 A D 2d 747). No opinion. Concur — Stevens, P. J., Eager, McGivern and Nunez, JJ.