■ In the Matter of MATHEW GRIFFITH, Petitioner, v. BURTON B. ROBERTS, as District Attorney, County of Bronx, et al., Respondents.— Application denied and the petition dismissed, without costs and without disbursements; and the cross motions to dismiss the petition are dismissed as moot, without costs and without disbursements. No opinion. Concur — McGivern, J. P., Markewich, Nunez, Kupferman and Murphy, JJ.

(December 21, 1971)

■ MANUFACTURERS HANOVER TRUST COMPANY, Appellant, v. TRANS NATIONAL COMMUNICATIONS, INC., et al., Defendants, and DONALD G. SMITH, Respondent.— Order, Supreme Court, New York County, entered on October 5, 1971, directing plaintiff to appear for examination by the defendant Smith and that, subsequent thereto, the defendant Smith be limitedly examined by plaintiff, unanimously modified, on the law and the facts, so as to deny the defendant Smith an examination of plaintiff, and except as modified, affirmed. Plaintiff-appellant shall recover of defendant-respondent $30 costs and disbursements of this appeal. Special Term was in error when, *sua sponte*, it directed that the plaintiff bank be first examined by the defendant Smith. (See *Manufacturers Hanover Trust Co.* v. *Trans Nat. Communications*, 36 A D 2d 709.) This court has already denied similar relief to codefendants similarly situated and granted summary judgment in favor of plaintiff bank on the written guarantees of the defendants. In legal effect, the same defenses, now raised anew by Smith, have already been disposed of. The examination sought by the plaintiff of defendant Smith is limited to the issue of the genuineness of his signature appearing on the underlying guarantee, already found to be enforceable. Concur — McGivern, J. P., Nunez, Kupferman, Steuer and Tilzer, JJ.

■ ALLIED ARTISTS PICTURE CORPORATION, Appellant, v. MAX L. RAAB PRODUCTIONS, INC., Respondent.— Order, Supreme Court, New York County, entered on October 20, 1971, denying plaintiff's motion for a protective order vacating defendant's notice of discovery and inspection, unanimously reversed, on the law, on the facts and in the exercise of discretion, and the motion granted. Appellant shall recover of respondent $30 costs and disbursements of this appeal. The two interoffice memoranda prepared by plaintiff's former resident counsel and vice-president were legal in nature, in effect, constituting analysis and advice by an attorney to his client. Accordingly, plaintiff has properly invoked the attorney-client privilege (CPLR 3101, subds. [b], [c], [d]). Moreover, the memoranda do not constitute "evidence material and necessary" to the defense of this action (CPLR 3101, subd. [a]). Concur — Stevens, P. J., Capozzoli, Markewich, Murphy and McNally, JJ.