■ WALTER J. WOOD, Respondent-Appellant, v. EDWIN LEE, Appellant-Respondent.— Judgment and resettled judgment, Supreme Court, New York County, entered May 2, 1972 and July 14, 1972, respectively, unanimously

reversed, on the law, without costs and without disbursements, and the cause remanded for a new inquest. The stay granted by order of this court, entered on June 27, 1972, is vacated. The complaint sought compensatory and punitive damages for slander. The issue of liability was determined in favor of the plaintiff on default. Vacatur of the default was denied. We affirmed that order (36 A D 2d 1027). On the inquest the issue of damages was then tried to a court and jury. The result was an award in favor of the plaintiff for both compensatory and punitive damages. The award for compensatory damages was set aside by the trial court. In its charge to the jury the court did not clearly enunciate the principles of law involved nor were the factual contentions of the parties incorporated with those legal principles. While we do not quarrel with the findings of the trial court, that there was insufficient evidence as a matter of law to warrant an award for compensatory damage, there is an assumption that a slander causes some damage though it be nominal. On the question of punitive damages the defendant was entitled to the charge requested, namely that such damage can be awarded only on a finding that there was an actual intent to hurt the plaintiff. The refusal to grant the defendant's request deprived him of a substantial right accorded by law and constituted error too grave to be disregarded. In view of this fact it is unnecessary to consider the other alleged errors in the charge. This lack of guidance to the jury mandates a new inquest on the issues of both compensatory and punitive damage. (Cf. *Green* v. *Downs,* 27 N Y 2d 205, 208.) Concur — Stevens, P. J., Markewich, Lane, Steuer and Tilzer, JJ.