Donald J. Mark, J.
This is an application by Johnson, Reif and Mullan, P. C., to quash a subpoena duces tecum served upon that law firm by the office of the Attorney-General requiring the production of certain records before a Grand Jury of Monroe County.
The said subpoena seeks to compel that law firm to produce "records of amounts billed and received for services rendered to Cobbs Hill Nursing Home and/or Jerome C. Cook and 1173 Monroe, Inc., including but not limited to fee arrangements and retainer agreements for the years 1970 through 1975.”
The attorneys are resisting that subpoena upon the ground that the information sought is a privileged communication between an attorney and client and as such, is protected by CPLR 4503.
The aforesaid section provides in part as follows: "(a) Unless the client waives the privilege, an attorney * * * who obtains * * * evidence of a confidential communication made between *876 the attorney * * * and the client in the course of professional employment, shall not disclose * * * such communications”.
However, the privilege of the client does not extend to every fact which the attorney may learn in the course of his employment. (Coveney v Tannahill, 1 Hill 33.) The law is clear that the privilege extends essentially only to the substance of matters communicated to an attorney in professional confidence. (Colton v United States, 306 F2d 633, cert den 371 US 951.)
There is a paucity of authority in New York on the precise issue raised in this case.
Nevertheless, in factual situations different from the instant case, the courts of New York have uniformly held that fee arrangements between attorneys and clients were not privileged. (Matter of Glines v Baird, 16 AD2d 743; Registered Country Home Bldrs. v Lanchantin, 10 AD2d 721; Matter of Myer v Myer, 189 Misc 406, affd 272 App Div 814.)
Glines held that the secretary of an attorney could testify as to the terms of a retainer agreement in a suit against an estate to recover for legal services. In Registered Country Home Bldrs. it was determined that an attorney witness could be compelled to testify as to his contingent fee to show interest. Myer decided that retainer agreement by which corpus of trust was delivered to an attorney to secure his fee was not a confidential communication when sought by judgment creditors.
Federal decisional law in cases very analogous to this case are likewise in accord with New York. (Colton v United States, supra; United States v Long, 328 F Supp 233; United States v Threlkeld, 241 F Supp 324; Matter of Wasserman, 198 F Supp 564.)
All those cases involved situations where the Internal Revenue Service sought information concerning amounts paid by clients to attorneys for legal services and in each case the attorneys resisted on the ground that this information was privileged. The courts, however, consistently held that only substantive matters were privileged and that fee arrangements were not protected but subject to inquiry by the Internal Revenue Service in an investigation.
It would seem that ah investigation by the Internal Revenue Service could be compared to an investigation by the Attorney-General. Federal court decisions are persuasive *877 where the question before the State court is similar to that passed upon by a Federal court (Jewett v Commonwealth Bond Corp., 241 App Div 131). This is especially true of Colton, because that case was decided by the United States Court of Appeals for New York (Schneck v Lewis, 121 Misc 370, affd 210 App Div 845).
Behrens v Hironimus (170 F2d 627) did not involve the Internal Revenue Service, but it likewise held that the terms of employment of an attorney by a client would not be considered privileged matter.
Thus, there is ample support for the Attorney-General’s position in both New York and the Federal courts.
However, the subpoena is too broad because of the inclusion of the words "but not limited to.” The subpoena is restricted to records of amounts billed and received for services rendered to the named clients, fee arrangements and retainer agreements. No other information of a confidential nature need be revealed. (Miller v Stern, 262 App Div 5; Matter of Shawmut Min. Co., 94 App Div 156.)
Although other points were very ably covered by counsel for both sides in their memoranda of law, it is felt that their consideration is not necessary to determine the issue involved in this case because of the New York and Federal cases cited herein.
The motion to quash the aforesaid subpoena duces tecum is denied.