Reuben K. Davis, J.
The defendant brings on this motion seeking an order requiring the plaintiff to produce copies of the retainer agreement or contract between the plaintiff bank and its attorney.
The plaintiff commenced the within action seeking to recover money allegedly owed it by the defendant pursuant to a special agreement.
The defendant interposed an answer containing a second affirmative defense and counterclaim predicated upon plaintiff’s alleged violation of section 100 of the Banking Law.
The thrust of the counterclaim is that the plaintiff’s agreement with the defendant was that in the event of defendant’s default under the loan agreement, defendant would be required to pay reasonable attorney’s fees of 20% of the unpaid balance; that the statute, section 108 (subd 4, par [c], cl [iii]) of the Banking Law, authorizes only the "actual expenditures, including reasonable attorney’s fees for necessary court process”, that the practices indulged in by plaintiff is that its attorney, pursuant to arrangement with plaintiff, will commence the collection action without any retainer or other "front money” being paid by plaintiff prior to the actual collection of the account; that this practice imposes additional charges on borrowers not permitted by statute.
The defendant contends that examination of the retainer agreement is material and necessary in furtherance of the prosecution of her second affirmative defense and counterclaim.
The plaintiff opposes the granting of an order requiring disclosure of the fee arrangement with its original attorney principally upon two grounds: (1) to grant the defendant’s requested relief would violate the attorney-client privilege (CPLR 4503); (2) disclosure of the fee arrangement sought is not material and necessary within the contemplation of CPLR article 31.
*729 We should observe at the threshold that CPLR article 31 has been interpreted to provide that liberal pretrial disclosure of all matters necessary and material to the preparation and trial of the issues in the law suit should be encouraged. (Graben v Traveler’s Ind. Co., 49 Misc 2d 14, affd 28 AD2d 650; Rios v Donovan, 21 AD2d 409.)
Plaintiff, while conceding that "the New York interpretation of CPLR 4503, and predecessor Sections under the Civil Practice Act construe the attorney-client privilege more broadly”, nonetheless would limit such disclosure in fee arrangement situations to cases where the "underlying theory of the action turned on the fee arrangements and the attorney, for all practical purposes, was one of the parties”.
We can find no authority which requires such a restrictive construction of the attorney-client privilege in the case of an attorney’s fee arrangement, when the legal propriety of that arrangement is drawn into issue by the pleadings. Testimony was allowed, against a claim that it violated the rule against privileged communications, where the existence of and the terms of a contract for legal services was drawn into issue. " 'The terms of the retainer, as to attorney’s compensation were not privileged within the meaning of section 353 of the Civil Practice Act’ ”. (Matter of Glines v Baird, 16 AD2d 743.)
To deny disclosure the plaintiff relies on CPLR 4503, which provides in pertinent part as follows: "(a) * * * [u]nless the client waives the privilege, an attorney * * * who obtains * * * evidence of a confidential communication made between the attorney * * * and the client in the course of professional employment, shall not disclose * * * such communication”.
It is not every communication between attorney and client that is privileged. It is only the substance of matters communicated to an attorney in professional confidence that comes within the proscription of the attorney-client privilege. (Colton v United States, 306 F2d 633.)
In People v Cook (82 Misc 2d 875), a defendant’s attorney sought to quash a subpoena duces tecum served upon him directing the production of " 'records of amounts billed and received for services rendered’ ”, upon the ground that the information sought was protected by CPLR 4503 as a privileged communication between attorney and client. The court in denying the motion said (p 876): "Nevertheless, in factual situations different from the instant case, the courts of New York have uniformly held that fee arrangements between *730 attorneys and clients were not privileged.” (Emphasis supplied.)
The plaintiff also urges that the motion be denied as disclosure of the information sought is not material and necessary, since plaintiff’s installment banking officer has averred by affidavit that all counsel fees collected would belong to plaintiff’s attorney and plaintiff would in no way share in such fees. We do not believe that this bare averment should be dispositive of the issue and thus preclude defendant from securing full disclosure regarding an issue raised by the pleadings as authorized by CPLR article 31. "A party should not be required to wait until the trial of an action to discover for the first time facts which could have assisted him in his trial preparation and in all likelihood would have apprised all parties of the real issues of the law suit.” (Turner v Amherst, 62 Misc 2d 257, 259.)
The materiality and relevancy of the material sought by the defendant can hardly be questioned. The validity or impropriety of the retainer agreement will affect the affirmative defense of the defendant as raised in her second counterclaim in a very significant way. "The words, ''material and necessary’ are * * * to be interpreted liberally to require disclosure * * * of any facts * * * which will assist preparation for trial by sharpening the issues”. (Allen v Crowell-Collier Pub. Co., 21 NY2d 403, 406; emphasis added.)
The defendant’s motion is granted and plaintiff is directed to comply with paragraph "#4” of the defendant’s notice to produce, dated August 5, 1976; compliance to be effected within five days of the receipt of the notice of the entry of the order based upon this decision.