THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS R. BELGE, Appellant.

Fourth Department, November 14, 1977

*Francis R. Belge,* appellant *pro se.*

*Maxwell B. Spoont, Acting Deputy Attorney-General (Frederick, J. Scullin, Jr.,* of counsel), for respondent.

*Per Curiam.* On June 1, 1977 the appellant appeared before an Onondaga County Grand Jury pursuant to a subpoena duces tecum requesting that he produce "any and all corporate records pertaining to Butternut and Salina Grocery and News, Inc., including but not limited to a copy of Certificate of Incorporation, Minutes of Stockholders and Directors' meetings and stock ledgers". The appellant testified before the Grand Jury that he is an attorney and represents B & S Grocery and News Store Inc.; that he has certain corporate records but does not have the corporate ledger, stock book or minute books; and that he has only "statements made by corporate officers on behalf of the corporation" pertaining to a

claim for loss in fire pursuant to an insurance claim. The appellant refused to present those records to the Grand Jury stating, "I will not make available to you the written statements I have in my possession". Appellant claimed that such were privileged communications between an attorney and his client. Several more directions to appear with the corporate records were issued to appellant by the County Court, all of which were refused on the same ground.

The matter culminated in a request by the court that appellant produce the items before him, *in camera.* Upon appellant's refusal to allow the court to view the material, the County Court Judge determined that this failure to comply with the Grand Jury's subpoena was a willful and arbitrary act contemptuous of the order of the court which directed appellant to produce all such corporate records in his possession before the Grand Jury. Appellant was thereupon sentenced to the Onondaga County Correctional Facility at Jamesville.

Under the mistaken belief that appellant was asserting a Fifth Amendment privilege, the County Court concluded that since a corporation has no Fifth Amendment privilege available, appellant could not assert such privilege. It appears to us, however, from appellant's somewhat confusing statements to the trial court, that appellant was not asserting a Fifth Amendment privilege on behalf of a corporation, but rather asserting the confidentiality of the attorney-client relationship. It is appellant's contention that a corporate client is entitled to assert the privilege of a confidential communication between itself and its attorney and that the memoranda in his possession were privileged. At oral argument appellant attorney revealed to this court that the information requested was a retainer statement. The terms of an attorney's retainer agreement are not privileged *(Matter of Glines v Estate of Baird,* 16 AD2d 743; *Registered Country Home Bldrs. v Lanchantin,* 10 AD2d 721; *People v Cook;* 82 Misc 2d 875).

"A corporation, like any other 'client,' is entitled to the attorney-client privilege" *(Bell v Maryland,* 378 US 226, 263; *Radiant Burners v American Gas Assn.,* 320 F2d 314, cert den 375 US 929; *Allied Artists Picture Corp. v Raab Prods.,* 38 AD2d 537). The corporate attorney-client privilege, however, is not available "to allow a corporation to funnel its papers and documents into the hands of its lawyers for custodial purposes and thereby avoid disclosure" *(Radiant Burners v American*

*Gas Assn., supra,* p 324). In general, "the privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client" *(United States v United Shoe Mach. Corp.,* 89 F Supp 357, 358-359; *Georgia-Pacific Plywood Co. v United States Plywood Corp.,* 18 FRD 463, 464). In order for the privilege to attach the information must have been given with the expectation of confidentiality and for the purpose of obtaining legal as opposed to business advice.

From the record before us we find that appellant was properly held in contempt. Appellant's oral disclosure before this court does not warrant a reversal of the outstanding contempt order against him. Accordingly, we remand him to the County Court to make such a statement under oath and to afford the Attorney-General an opportunity to satisfy himself that appellant has produced all books, records and papers in his possession which are subject to the subpoena duces tecum. In light of the further proceedings herein directed, the County Court may then impose whatever punishment upon appellant it deems appropriate.

MOULE, J. P., CARDAMONE, SIMONS, DILLON and HANCOCK, JJ., concur.

Judgment unanimously modified, on the facts, by vacating the sentence imposed and otherwise judgment affirmed and defendant remanded to Onondaga County Court for resentencing.