■ In the Matter of Richard D. Priest et al., Respondents, v Richard A. Hennessy, Jr., as District Attorney of Onondaga County, Appellant.— Order unanimously reversed, without costs, and motion denied. Memorandum: On February 5, 1980 Onondaga County Court directed respondents, attorneys, who had been subpoenaed before a Grand Jury, to answer questions concerning an investigation into prostitution activities in Onondaga County. The questions concerned: (1) the fee arrangements between the attorneys and certain named clients charged with prostitution; (2) all arrangements concerning attorney's fees or payments of attorney's fees by third parties on behalf of the accused prostitutes; and (3) the names of the third parties making the attorney fee payments on behalf of the accused. On February 26, 1980 the same court granted respondent's renewed motion to quash the subpoenas, and the District Attorney appeals. In refusing to disclose the subpoenaed information, the respondent attorneys rely on the attorney-client privilege (CPLR 4503, subd [a]). This reliance is misplaced. "The authorities are clear that the privilege extends essentially only to the substance of matters communicated to an attorney in professinal confidence. Thus the identity of a client, or the fact that a given individual has become a client are matters which an attorney normally may not refuse to disclose, even though the fact of having retained counsel may be used as evidence against the client." *(Colton v United States*, 306 F2d 633, 637, cert den 371 US 951.) Inquiries of attorneys as to the fact of their representation of a client and the nature of the fee arrangement have been consistently held not to violate the attorney-client privilege. *(Matter of Jacqueline F.,* 47 NY2d 215, 219; *People v Belge*, 59 AD2d 307, 308; *People v Cook*, 82 Misc 2d 875; *Colton v United States, supra; United States v Pape*, 144 F2d 778, 782-783, cert den 323 US 752; *Matter of Grand Jury Subpoenas Dated April 19, 1978*, 451 F Supp 969, 971.) In *People ex rel. Vogelstein v Warden of County Jail of County of N. Y.* (150 Misc 714, 717-718, affd 242 App Div 611) Justice Shientag, after a thorough review of the origin and subsequent development of the attorney-client privilege wrote: "There is nothing in the books to show that the privilege was to extend to the fact of the retention of counsel. No point is made that the employment of counsel should be shrouded with secrecy. The retention of counsel was to call the privilege into operation. The privilege itself was to extend only to communications between a client and an attorney who had been retained. The name or identity of the client was not the confidence which the privilege was designed to protect; the

statements of the client for the purpose of seeking advice from his counsel were the disclosures which were to be kept secret." Respondent attorneys are also required to disclose to the Grand Jury the names of third parties who paid attorney's fees on behalf of certain named defendants and the amount of such fees *(United States v Pape, supra.)* On this record, respondents have failed to demonstrate that any attorney-client relationship exists between them and the third parties. In any event, even if such a relationship did exist between respondents and the third parties, the identity of the clients, and the fact that the client paid attorney's fees on behalf of another, on this record does not constitute a confidential communication within the meaning of CPLR 4503 (subd [a]). (See *People v Belge, supra,* at pp 308-309; *Colton v United States, supra; United States v Pape, supra; Matter of Grand Jury Subpoenas Dated April 19, 1978, supra.)* (Appeal from order of Onondaga County Court—quash subpoenas.) Present—Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Witmer, JJ.