■ Alphonse Salomone, Respondent, v MacMillan Publishing Co., Inc., Appellant, and Dawn Publications, Inc., Defendant and Third-Party Plaintiff-Appellant. Peggy Goldman, Third-Party Defendant; Janie Gaynor et al., Third-Party Defendants-Appellants.—Order, Supreme Court, New York County, entered January 11, 1980, denying the motions of defendants and third-party defendants for summary judgment in this libel action, unanimously reversed on the law and the motions for summary judgment granted dismissing the complaint, without costs or disbursements. In 1955 a book of cartoons, Eloise, was published about a fictional six-year-old—precocious, spoiled and lovable—who lived at the Plaza Hotel with her nanny. One of its drawings had a man bowing from the waist and Eloise curtsying

in return. In its caption Eloise states: "I am a nuisance in the lobby Mr. Salomone said so He is the Manager I always say, 'Good morning, Mr. Salomone' and he always says 'Good morning, Eloise'." The book sold well and Eloise became the subject of two *Life* magazine articles, a television movie, and a *National Lampoon* parody in 1972 set in a brothel-like Hotel Dixee. Eloise is still in print. In 1976 appellants combined to produce and publish a book entitled Titters: The First Collection of Humor by Women. It contains a parody of Eloise, Eloise Returns; she is now 26 and back at the Plaza. The opening drawing, full-page, has Eloise in the men's room, the walls of which are covered with scabrous graffiti. She has just finished writing on a large mirror "Eloise Returns". Beneath these words is "Mr. Salomone was a child molester!!". Plaintiff Salomone, now senior vice-president of the Hilton Hotels Corporation and managing director of the New York Hilton, was the manager of the Plaza when Eloise was published. From the evidence submitted, appellants were as shocked to learn that the Mr. Salomone of the fictional Eloise was an actual person as he was to learn of the accusation against him in Eloise Returns. Without doubt, plaintiff has suffered embarrassment and anguish. We must, nonetheless, dismiss his complaint because he has suffered no damages that are compensable in law. Plaintiff pleads no special damage. He concedes that he has sustained no financial loss or physical damage attributable to appellants' publication. He claims damages for loss of reputation and for mental anguish. He has been unable to come forth with any proof of loss of reputation because he knows of no one who believes he was a child molester or thinks less of him due to the publication. The law restricts compensation to "actual injury" and does not permit a presumption of damaged reputation unless it can be shown that publication was with "knowledge of falsity or reckless disregard for the truth" *(Gertz v Robert Welch, Inc.,* 418 US 323, 349). Plaintiff has provided no such evidence and appellants' evidence is to the contrary. As to the claim for mental anguish, it has long been held in this State that such damage is compensable only when it is concomitant with loss of reputation *(Terwilliger v Wands,* 17 NY 54; *Wilson v Goit,* 17 NY 442). While the United States Supreme Court, in *Gertz,* would appear to have allowed the States sufficient latitude to include in the definition of "actual injury" mental anguish unaccompanied by loss of reputation, this has not occurred in this State. (See *Moran v Hearst Corp.,* 40 NY2d 1071, concurring opn.) Concur—Murphy, P. J., Birns, Bloom and Lynch, JJ.

Kupferman, J., concurs in a memorandum as follows: I concur only on the basis that the work which contains the alleged libel is an obvious parody and not intended to be taken seriously, nor can a reasonable person come to the conclusion that there was serious intent to the statement expressed. (Cf. *Berlin v E.C. Pub.,* 329 F2d 541.) Inasmuch as the defendants contend that Mr. Salomone is a public figure, they cannot very well also take the position that they had never heard of him. Aside from the parody aspect, we cannot as a matter of law rule, out of hand, that the publication was not made in reckless disregard for the truth. The defendants made no attempt of any kind to see if there was a Mr. Salomone at the hotel in question, an easily verifiable matter.