**F. H. KREAR & COMPANY, Plaintiff,**

v.

**19 NAMED TRUSTEES, Defendants & Third & Fourth Party Plaintiffs,**

v.

**Anthony GRAUSO, et al., Third Party Defendants,**

**and**

**Robert Mozer, Third & Fourth Party Defendant.**

**79 Civ. 6687 (KTD).**

United States District Court,
S. D. New York.

April 21, 1981.

---

Levy, Gutman, Goldberg & Kaplan, New York City, for plaintiff; Harvey M. Katz, Washington, D. C., of counsel.

Eisner, Levy, Steel & Bellman, P. C., New York City, for defendants; Lewis M. Steel, New York City, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

Plaintiff F. H. Krear and Company commenced this breach of contract action against 19 individuals as trustees of the pension, vacation and health funds of Local 69 of the Hotel and Restaurant Employees and Bartenders Union ["the Union"]. Defendants counterclaimed for reimbursement of amounts allegedly paid to plaintiff from the three funds.

Plaintiff first moves for summary judgment on the issue of liability. Plaintiff's motion is denied because a genuine factual issue exists at least as to whether Krear substantially performed its contract obligations prior to the date that defendant stopped payment. Krear contends that it never received a complaint about its performance and that pursuant to its obligations, it invested thousands of hours performing the contract, designed and printed billing forms and conducted test computer runs. Defendant maintains that complaints were made repeatedly and that the pre-existing billing system which Krear was to manage was nearly nonfunctional. Unfortunately, it is not clear what Krear was obliged to do under the contract. Accordingly, additional facts must be adduced at trial to determine what meaning the parties intended to give the key provisions of the agreement which vaguely state, *inter alia*, that Krear would provide "all administrative functions" and develop and implement "all procedures reasonably necessary to carry out ... administrative collection and accounting activities."

Plaintiff alternatively seeks an order compelling Mr. Robert Mozer and Mr. Ira Drogin to submit to pre-trial discovery. Mozer, former in-house counsel to the trustees negotiated the contract with Krear. Drogin allegedly investigated the creation of the Krear contract as well as Krear's performance under the contract and recommended that the trustees stop payments to Krear. Plaintiff contends that important evidence regarding those events is presently in the exclusive possession of Drogin and Mozer and must be made available in order for plaintiff to respond to defendant's counterclaims and defenses.

To date, Drogin and Mozer have avoided discovery claiming immunity under the work-product[1] and attorney-client[2] privileges. Plaintiff, however, is not seeking any information that falls within the scope of these privileges.

The questions posed by Mozer to a long-time business acquaintance about procuring computer services and Mozer's contacts with Krear and his employers regarding the specifics of the Krear contract were of a business rather than a legal nature and, thus, are not protected by the work-product or attorney-client privileges. *People v. Belge*, 59 A.D.2d 307, 399 N.Y.S.2d 539 (4th Dep't 1977). Mr. Drogin's activities also are not privileged because nothing in the record indicates that Drogin was investigating the formation and performance of the Krear contract in preparation for litigation. *See* Fed.R.Civ.P. 26(b)(3); New York C.P.L.R. § 3101(d). Nor are the results of Drogin's investigation and his

---

1. Fed.R.Civ.P. 26(b)(3); New York C.P.L.R. § 3101(d).

2. New York C.P.L.R. § 4503.

report privileged merely because Drogin is an attorney. *Merrin Jewelry Co. v. St. Paul Fire & Marine Insurance Co.*, 49 F.R.D. 54, 57 (S.D.N.Y.1970). Accordingly, both Mozer and Drogin must submit to discovery about these matters.

■ Plaintiff also seeks an order requiring defendant trustees to respond to discovery relating to the merger of Local 69 and other locals into the new Local 6 and to the transfer of Local 69's funds into the International Union's [the "International"] funds. This information is relevant to plaintiff's rebuttal case in that it could reveal the basis for the alleged breach; therefore, the motion is granted.

Finally, plaintiff seeks to have the trustees of the International substituted for the Local 69 trustees on the grounds that the International trustees are the real parties in interest with respect to the counterclaims for reimbursement of Local 69's pension, vacation and health funds. Plaintiff bases its request on the fact that the 19 Local 69 trustees have ceased to act as trustees of the pension and health funds, and the International trustees now control these two funds.

■ I find that the International trustees are the real parties in interest with respect to the counterclaims arising from the pension and health funds for two reasons. First, they possess the substantive legal right to assert counterclaims inuring to the benefit of those two funds, and second, they have an interest in the counterclaims because their funds would directly benefit from a favorable judgment. *See Virginia Electric and Power Company v. Westinghouse Electric Corp.*, 485 F.2d 78, 83 (1973). Therefore, if defendants wish to pursue their counterclaims with respect to the pension and health funds, the International trustees must be joined as party defendants. Fed.R.Civ.P. 17(a). The International trustees, however, cannot be substituted for the original trustees with respect to the counterclaim for reimbursement of the vacation fund since the vacation fund is still controlled by the original trustees.

In summary, plaintiff's motion for summary judgment is denied; Mr. Drogin must submit to discovery regarding his investigation of the Krear contract and Mr. Mozer must submit to discovery regarding the negotiation of the Krear contract; the defendant trustees must answer questions concerning the creation of the new local and the merger of the funds; and the International trustees must be joined as party defendants or the counterclaims with respect to the pension and health funds must be withdrawn.

All proceedings in this action are stayed for twenty days from the date of this order to allow the International trustees to enter an appearance as party defendants or the defendants to withdraw their counterclaims with respect to the pension and health funds.

SO ORDERED.