NEWSDAY, INC., Appellant-Respondent, v C. L. PECK CON-
TRACTOR, INC., et al., Defendants and Third-Party
Plaintiffs-Respondents-Appellants. CHAS. T. MAIN,
INC., et al., Third-Party Defendants.

First Department, June 17, 1982

### APPEARANCES OF COUNSEL

*Richard A. Rosen* of counsel (*Allan Blumstein* and *Edward A. Purcell, Jr.,* with him on the brief; *Paul, Weiss, Rifkind, Wharton & Garrison,* attorneys), for appellant-respondent.

*Robert Damast* of counsel (*Robert Machleder* with him on the brief; *Wien, Lane & Malkin,* attorneys), for defendants and third-party plaintiffs-respondents-appellants.

### OPINION OF THE COURT

KUPFERMAN, J. P.

The main action, for breach of contract, seeks damages in excess of $7,000,000 resulting from an alleged failure of the defendants to complete construction of a new publishing plant on the time schedule agreed to and in the workmanlike manner for which contracted. Newsday commenced this action in April, 1980, and the defendants served their original answer in May, 1980. Defendants' answer alleged that Newsday employees had slandered the defendants and sought a total of $8,000,000 in compensa-

tory damages and a total of $12,000,000 in punitive damages.

The defendants contend that during the time period between December, 1979 and March, 1980 three statements were made, attributed to unidentified Newsday employees, which defamed the defendants. It was during this period that Newsday was withholding progress payments and, when various subcontractors approached Newsday to inquire why they had not been paid, it is alleged that statements were made that the defendant contractor was withholding payments from them. The defendants claim that the statements were slanderous per se in that they implied the contractor was diverting the payments intended for the subcontractors, a larcenous act in violation of sections 70 and 71 of article 3-A of the Lien Law.

The mere assertion that the defendants are withholding moneys was not facially defamatory. It is clear that they could not be slanderous per se in that a reference to extrinsic facts is needed even to understand the nature of the allegations.* (See *Frawley Chem. Corp. v Larson Co.,* 274 App Div 643.) In any event, without proof of actual injury, there can be no recovery absent a showing of malice. (*Gertz v Robert Welch, Inc.,* 418 US 323.)

In *Gertz,* the Supreme Court made it clear that statements that are claimed to be defamatory must be more than objectively false, otherwise any recovery must be limited to actual damages. Without actual damage, malice must be shown in that the statement was made with knowledge of the falsity or with a reckless disregard of the truth. (*Gertz v Robert Welch, Inc., supra,* at p 349.)

The parties here are involved in a dispute with related actions involving almost 30 subcontractors and millions of dollars. There has been no showing of any intention on the part of the plaintiff to inflict harm through falsehood. (See *Silbowitz v Lepper,* 32 AD2d 520, 521.) Without such a showing, compensation is limited to actual injury. (*Salomone v MacMillan Pub. Co.,* 77 AD2d 501, 502; see *Moran v*

---

* Even if particular sections of the Lien Law were considered to be common knowledge, reference to a violation of it would have to include section 79-a (subd 1, par [b]), which provides an exception to criminal liability in cases of good faith disputes.

*Hearst Corp.,* 40 NY2d 1071, 1073; *Maule v NYM Corp.,* 76 AD2d 58, 63.)

Defendants have pleaded no special damages. The arbitrary figure of $8,000,000 in compensatory damages is not related to any specific injury. (See *Drug Research Corp. v Curtis Pub. Co.,* 7 NY2d 435; *Lincoln First Nat. Bank of Rochester v Siegel,* 60 AD2d 270, 280.)

The argument that actual damages cannot be ascertained at the pleading stage is specious at best. "[T]his precise principle was rejected by the Supreme Court in *Gertz,* and this court in *Salomone (supra).*" (*France v St. Clare's Hosp. & Health Center,* 82 AD2d 1, 5.)

Boiler-plate allegations of some impairment to the defendant's business reputation along with general conclusory allegations of malice are insufficient to show any actual damages. (*Cohn v National Broadcasting Co.,* 67 AD2d 140, 146, affd 50 NY2d 885, cert den 449 US 1022).

Accordingly, the order, Supreme Court, New York County (PRICE, J.), entered October 23, 1981, denying plaintiff's motion to dismiss the seventh counterclaim and conditionally granting plaintiff's motion to dismiss the sixth and eighth counterclaims, unless the defendants amend their counterclaims in conformity with CPLR 3016 (subd [a]), should be modified, on the law and the facts, to grant plaintiff's motion to dismiss the sixth, seventh and eighth counterclaims, with prejudice and without leave to replead and otherwise affirmed, without costs or disbursements.

SULLIVAN, MARKEWICH, FEIN and ASCH, JJ., concur.

Order, Supreme Court, New York County, entered on October 23, 1981, unanimously modified, on the law and the facts, to grant plaintiff's motion to dismiss the sixth, seventh and eighth counterclaims, with prejudice and without leave to replead and otherwise affirmed, without costs and without disbursements.