■ KATHLEEN E. FREEMAN, Individually and as Administratrix of the Estate of HAROLD J. FREEMAN, Deceased, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 63565.) — Judgment unanimously affirmed, without costs, for reasons stated at Court of Claims, Quigley, J. (Appeal from judgment of Court of Claims, Quigley, J. — dismiss claim.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and O'Donnell, JJ.

■ RUMRILL-HOYT, INC., Appellant, v MICHAEL J. PERRI et al., Respondents. — Order unanimously reversed, without costs, and plaintiff's motion granted. Memorandum: Special Term erred in denying plaintiff's motion to compel the individual defendants to answer certain questions at an examination before trial, and granting defendants' cross motion for a protective order against discovery and inspection of documents related to those questions. The timing and details of defendants' efforts to organize a new advertising agency are material and necessary to plaintiff's case. Moreover, fee arrangements and retainer agreements are discoverable (see *Matter of Priest v Hennessy,* 51 NY2d 62, 68-69; *People v Belge,* 59 AD2d 307, 308; *Matter of Glines v Baird,* 16 AD2d 743). Plaintiff's counsel made clear at the EBT that he was seeking only the date of the contacts between defendants and their counsel, not the contents of their conversation. We reject the defendants' contention that we may not consider the merits and that the appeal should be dismissed (see *Milone v General Motors Corp.,* 93 AD2d 999). (Appeal from order of Supreme Court, Monroe County, Patlow, J. — discovery.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and O'Donnell, JJ.