■ AMANDA BROUN, Respondent, v EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant. — Judgment, Supreme Court, New York County (J. Modugno, J.), entered March 8, 1983 in favor of plaintiff, on jury verdict, and order, entered April 18, 1983, denying motion to set aside the verdict, are unanimously reversed, on the law, and a new trial is ordered, with costs to abide the event. ¶ This is an action on a life insurance policy, defended on a claim by the insurance company that the insured's death, before the expiration of the two-year incontestability period, was the result of suicide. ¶ At the time of the discovery of the insured's body, there was found a sealed envelope addressed to an attorney. The court excluded the envelope and its contents on the ground of attorney-client privilege. The court also refused to examine the contents even *in camera* for the purpose of ruling whether the document was privileged or redacting privileged matter. ¶ At our direct request, the attorney has furnished us with a copy of the letter which was enclosed in the envelope for our *in camera* inspection, and we have inspected it *in camera.* We need not rule on defendant's contention that the attorney-client privilege was waived by bringing this action. (See *Prink v Rockefeller Center,*

48 NY2d 309; *Martin v Hancock Mut. Life Ins. Co.*, 120 Misc 2d 776.) In our view, the letter is not privileged and should have been received in evidence. In order for the attorney-client privilege to apply to a communication between an attorney and a client, the communication must be made in the course of professional employment for the purpose of obtaining legal services, or to enable the attorney to act in her professional capacity as an attorney. (See *People v Belge,* 59 AD2d 307; Richardson, Evidence [10th ed], § 412.) ¶ The letter here involved does not meet this test. It is a letter which could equally well have been written to any person that decedent trusted — a sister or other close relative, or close friend. In our view, the letter was not merely cumulative of other communications received in evidence. It is not clear to us that the jury's verdict would have been the same if the letter had been received in evidence and read by the jury. Concur — Kupferman, J. P., Sandler, Ross, Silverman and Milonas, JJ.