Gail DAVIS, Plaintiff,

v.

Diana ROSS, Defendant.

No. 84 Civ. 1127 (RLC).

United States District Court, S.D. New York.

Aug. 28, 1985.

---

Pryor, Cashman, Sherman & Flynn, New York City, for plaintiff; Donald S. Zakarin, Philip R. Hoffman, of counsel.

Parcher, Arisohn & Hayes, P.C., New York City, for defendant; L. Peter Parcher, Helene M. Freeman, Beverly Kolenberg, of counsel.

OPINION

ROBERT L. CARTER, District Judge.

Plaintiff Gail Davis has instituted this defamation action, seeking one million dollars in compensatory damages and one million dollars in punitive damages, based on an October 11, 1983 letter written and disseminated by defendant Diana Ross. Familiarity with the previously filed opinions in this case, *Davis v. Ross*, 602 F.Supp. 504 (S.D.N.Y.1984) (Carter, J.), *rev'd*, 754 F.2d 80 (2d Cir.1985), is assumed. The case is currently before the court on the parties' cross-motions to compel discovery.

Davis seeks discovery of three sets of data. First, she wishes to obtain information concerning Ross' net worth and annual income. Davis argues that this material is discoverable because evidence of a defendant's wealth is relevant in an action for punitive damages. *Ostano Commerzanstalt v. Telewide Systems, Inc.*, 608 F.Supp. 1359 (S.D.N.Y.1985) (Carter, J.); *Rupert v. Sellers*, 48 A.D.2d 265, 368 N.Y. S.2d 904 (4th Dep't 1975).

The New York courts have recognized, however, that a plaintiff's interest in proving the amount of the defendant's wealth must be balanced against the defendant's right to privacy and general desire not to divulge his or her financial status—especially since plausible claims for punitive damages can easily be made in many actions. *Id.* at 271, 368 N.Y.S.2d at 911. Consequently, the rule in New York is that "evidence of defendant's wealth [can] not be brought out upon trial unless and until the jury [brings] in a special verdict that plaintiff is entitled to punitive damages against defendant." *Id.* at 272, 368 N.Y. S.2d at 912. Discovery of defendant's net wealth will become necessary only in the event plaintiff obtains such a special verdict. *Id.*, 368 N.Y.S.2d at 913.

Davis argues that the rule of *Rupert v. Sellers* should not govern this case because she entered into a confidentiality order which, she says, should eliminate any concern for privacy on defendant's part. Defendant responds, quite rightly, that the

existence of a confidentiality order does not undermine the rationale of *Rupert v. Sellers*. Ross should not be compelled to disclose private facts to *anyone*—even to someone who has agreed to keep the information confidential—until it is found that plaintiff is entitled to punitive damages. As a federal court sitting in New York, we are required to follow and apply the rule of *Rupert v. Sellers*. *See, e.g., Brink's, Inc. v. City of New York*, 717 F.2d 700, 707 (2d Cir.1983); *Doralee Estates, Inc. v. Cities Service Oil Co.*, 569 F.2d 716, 723 n. 9 (2d Cir.1977). The motion to compel discovery of Ross' wealth and income is denied.

■ Plaintiff's second discovery request is for documents reflecting billings by the law firm of Loeb & Loeb and/or John Frankenheimer (a partner in the firm) to Ross and to entities in which she has an interest, and for the records reflecting payment of such bills. Plaintiff argues that this material is discoverable because the defendant has stated that Frankenheimer will be an important witness; therefore, plaintiff asserts, the amount of fees Ross paid Frankenheimer would be relevant to the issue of Frankenheimer's bias and credibility.

Plaintiff is entitled to probe for bias by inquiring into the existence and nature of the relationship between Frankenheimer and Ross. Specifically, plaintiff may discover what, if any, fee arrangements and retainer agreements were entered into between the two. *See Rumrill-Hoyt, Inc. v. Perri*, 97 A.D.2d 951, 468 N.Y.S.2d 754 (4th Dep't 1983). However, the amount of fees earned, without more, is not probative of a witness' bias. *See Evans v. United States*, 326 F.2d 827, 831 (8th Cir.1964). Even where a witness' entire livelihood derives from employment by the party for whom he testifies, courts have declined to infer bias from the mere fact of employment. *See Mangan v. Broderick and Bascom Rope Co.*, 351 F.2d 24, 29–30 (7th Cir.1965),

*cert. denied*, 363 U.S. 926, 86 S.Ct. 930, 15 L.Ed.2d 846 (1966). In this case, the court is especially reluctant to pry into the details of the attorney-client relationship or to order burdensome discovery. Consequently, plaintiff's motion to compel discovery of legal fees is denied.

■ Plaintiff's third request is to discover the names of other employees who have complained about defendant, and the nature of their complaints. Plaintiff's argument for discoverability rests on the Second Circuit's interpretation of the allegedly libelous letter in question. In the letter, Ross stated that Davis no longer worked for her, and then wrote: "If I let an employee go, it is because their work or their personal habits are not acceptable to me. I do not recommend these people." According to the Court of Appeals, the statement, "I do not recommend these people," tends to objectify Ross' evaluation of Davis, and implies that others would also find Davis' work or personal habits unacceptable. *Davis v. Ross, supra*, 754 F.2d at 85–86.[1]

Plaintiff argues that the truth of this statement—that Davis' work or personal habits are objectively unacceptable—will be at issue. Consequently, plaintiff asserts, the material sought is discoverable because "[i]f in fact it was defendant's personality that was a problem and not plaintiff's the jury would be entitled to conclude that there was nothing objectionable about plaintiff's work or personal habits and that defendant is liable for defamation." (Plaintiff's letter dated July 3, 1985, at 9).

The logic of plaintiff's argument is tenuous. Whether Ross is a "good" or "bad" employer, popular or unpopular with employees, is not probative of whether Davis' personal or work habits were objectively satisfactory. Even if other employees *have* complained about Ross, that would not affect a jury's assessment of Davis' personal or work habits one way or the other. The issue in this case is whether

---

1. To be precise, the Second Circuit did not hold that this is the only possible interpretation of the letter, but rather that the letter is "reasonably susceptible of several interpretations at least one of which is potentially libelous [and that] it is for the trier of fact to determine in what sense the words were actually used." *Davis v. Ross, supra*, 754 F.2d at 86.

Ross libeled Davis, and the material plaintiff seeks to discover does not bear on that.

Plaintiff also argues that the information is discoverable because it bears on Ross' credibility (Plaintiff's letter dated July 3, 1985, at 9). The court simply does not see the connection between Ross' reputation as an employer and her capacity for truth-telling. In short, the information sought by plaintiff is irrelevant to any material issue, and is not calculated to lead to any admissible evidence. Consequently, plaintiff's motion is denied.

The court turns now to the motion to compel discovery brought by defendant. Ross seeks discovery of Davis' treatment by a psychiatrist during the period Davis worked for Ross, arguing that the material is relevant and that any physician-patient privilege has been waived.

■ When the mental or physical condition of the plaintiff is in issue, the physician-patient privilege is waived and cannot be invoked to foreclose discovery of relevant evidence. *E.g., Prink v. Rockefeller Center, Inc.,* 48 N.Y.2d 309, 316–17, 422 N.Y.S.2d 911, 915–16, 398 N.E.2d 517, 521–22 (1979). Defendant argues that plaintiff put her mental condition in issue when she sued to recover for "great mental pain and anguish" (Complaint ¶ 17).

It is generally true that "[w]here compensation is sought for personal injury, the health of the plaintiff *before* and after the accident may be inquired into. This principle would seem to have equal applicability to an emotional or mental injury when that is what a plaintiff seeks compensation for." *Miller v. Colonial Refrigerated Transportation, Inc.,* 81 F.R.D. 741, 742 (M.D.Pa. 1979) (citations omitted) (emphasis added). *See also Mancinelli v. Texas Eastern Transmission Corp.,* 34 A.D.2d 535, 308 N.Y.S.2d 882 (1st Dep't 1970) (psychiatric treatment held relevant and discoverable when damages sought for mental injury); *Awtry v. United States,* 27 F.R.D. 399, 402 (S.D.N.Y.1961) (Bryan, J.) (plaintiff's medical and psychiatric history discoverable

where plaintiff alleged mental anguish as result of the entry on his medical chart that he was a hypochondriac).

■ Plaintiff argues, however, that her mental condition is not in issue, notwithstanding her claim for mental pain and anguish, because her action is one for libel *per se*[2] and in such actions under New York law, general damages are presumed and need not be specifically pleaded or proved. *E.g. Hinsdale v. Orange County Publications, Inc.,* 17 N.Y.2d 284, 270 N.Y.S.2d 592, 217 N.E.2d 650 (1966); *Mencher v. Chesley,* 297 N.Y. 94, 75 N.E.2d 257 (1947); *Arizona Biochemical Co. v. Hearst Corp.,* 302 F.Supp. 412 (S.D.N.Y.1969) (Edelstein, J.). Under plaintiff's view of New York law, it is unnecessary for her to prove either the existence or amount of damages. Consequently, plaintiff argues, information relating to the existence or amount of mental pain and anguish is not relevant and therefore not discoverable.

Defendant contends that New York's rule permitting recovery for presumed damages in libel cases has been overruled by *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974), and that New York courts, in conformance with the Supreme Court's ruling, now require plaintiffs in cases of libel *per se* to prove they were damaged (in the absence of a showing of actual malice). *Moran v. Hearst Corp.,* 40 N.Y.2d 1071, 392 N.Y.S.2d 253, 360 N.E.2d 932 (1976) (Fuchsberg, J., concurring); *Hogan v. Herald Co.,* 84 A.D.2d 470, 446 N.Y.S.2d 836 (4th Dep't), *aff'd,* 58 N.Y.2d 630, 458 N.Y.S.2d 538, 444 N.E.2d 1002 (1982); *France v. St. Clare's Hospital and Health Center,* 82 A.D.2d 1, 441 N.Y.S.2d 79 (1st Dep't 1981); *Salomone v. MacMillan Publishing Co., Inc.,* 77 A.D.2d 501, 429 N.Y.S.2d 441 (1st Dep't 1980). Consequently, defendant argues, plaintiff's mental condition is very much in issue in this case, and treatment by a psychiatrist is highly relevant.

Defendant is correct in stating that recovery for presumed damages in libel cases

2. Defendant does not dispute that this is an action for libel *per se.*

was declared unconstitutional in *Gertz*, in the absence of actual malice. However, the Supreme Court of the United States has recently cut back on the rule in *Gertz*, in *Dun & Bradstreet v. Greenmoss Builders, Inc.,* —— U.S. ——, 105 S.Ct. 2939, 86 L.Ed.2d 593 (1985). The Court held that in cases involving a private-figure plaintiff and no matters of public concern, states may permit recovery for presumed damages, even without a showing of actual malice. The instant case falls within the category of cases contemplated by *Dun & Bradstreet:* plaintiff is a private figure, and no matters of public concern are implicated. In the wake of *Dun & Bradstreet,* New York courts are once again free to presume general damages in cases like the instant one.

It is not clear whether New York will retain the protection afforded by *Gertz* or will now return to the pre-1974 rule authorizing recovery for presumed damages.[3] But even if plaintiff's view of the law prevails and presumed damages are reinstated, that does not mean that information relating to the existence or amount of damages is irrelevant or not discoverable. General damages may be presumed, but defendant must be permitted to rebut the presumption, to try to disprove the existence of damage. *See Dun & Bradstreet v.*

*Greenmoss Builders, Inc., supra,* 105 S.Ct. at 2949 (White, J., concurring).[4] Moreover, the *amount* of damages will always be in issue; plaintiff seeks one million dollars in compensatory damages, and evidence must be introduced to demonstrate that the award should be more than nominal. *See Wood v. Lee,* 41 A.D.2d 730, 341 N.Y.S.2d 738 (1st Dep't 1973) (it is assumed that defamation causes some damage though it be nominal). Plaintiff may not sue to recover for mental pain and anguish, only to deny the defendant the evidence she needs to argue that there was no damage, or that the amount of compensation sought is excessive.[5]

Accordingly, defendant's motion to compel discovery of plaintiff's treatment by a psychiatrist is granted.

IT IS SO ORDERED.

---

**3.** Though by no means certain, the court believes that New York will now re-adopt the pre-*Gertz* rule in private-figure plaintiff libel *per se* cases involving no matters of public concern. The old rule was well-entrenched in New York before *Gertz* uprooted it, *see e.g., Bishop v. New York Times Co.,* 233 N.Y. 446, 135 N.E. 845 (1922), and the recent New York cases barring recovery for presumed damages make clear that New York law changed only because the Supreme Court said it had to. *E.g. Moran v. Hearst Corp., supra,* 40 N.Y.2d at 1073, 392 N.Y. S.2d 253, 360 N.E.2d 932 ("[w]hile it is true that, until recently, a plaintiff who alleged libel per se was accorded a presumption that harm to reputation followed from libel, since the United States Supreme Court's ruling in *Gertz v. Robert Welch, Inc.,* a private person who alleges libel, even libel per se, is held to a strict requirement of the actual damages to be proved") (Fuchsberg, J., concurring) (citations omitted); *Hogan v. Herald Co., supra,* 84 A.D.2d at 480, 446 N.Y. S.2d at 843 ("[t]he law in New York governing libel *per se* ... has necessarily been modified in

news media cases by these constitutional decisions which prohibit the recovery of presumed damages.... these constitutional rules are conceptually inconsistent with New York decisions").

**4.** *But see Matherson v. Marchello,* 100 A.D.2d 233, 473 N.Y.S.2d 998, 1002 (2d Dep't 1984) ("in the law of libel the existence of damage is *conclusively* presumed from the publication itself") (emphasis added). Even if the presumption of the existence of damage is conclusive and not rebuttable, the *amount* of damage is still in issue and not conclusively determined.

**5.** Defendant also argues that the psychiatric material is relevant to the issue of whether the allegedly libelous statement was true—whether Davis' personal or work habits truly were objectively unacceptable. In light of the court's decision based on the relevance of the material to the issue of damages, it is unnecessary to reach defendant's other argument.