■ Jerome Sager, Appellant, v Local 1199 Drug, Hospital and Health Care Employees Union et al., Respondents. [655 NYS2d 953] —Judgment, Supreme Court, New York County (Joan Lobis, J.), entered December 29, 1995, dismissing plaintiff's complaint as against all defendants, and bringing up for review an order of the same court and Justice entered June 1, 1995, which, *inter alia*, granted defendants' motion for summary judgment, unanimously affirmed, without costs.

Even if we were to find that the words alleged by plaintiff could lead a reasonable person to conclude that defendants were accusing plaintiff of actual criminality by use of the loose, general epithets alleged (*but see, Polish Am. Immigration Relief Comm. v Relax*, 189 AD2d 370, 374; *Letter Carriers v Austin*, 418 US 264, 285-286), and therefore that the words alleged were not constitutionally protected opinion as a matter of law, we would agree with the motion court that plaintiff has not pleaded or proven any compensable pecuniary damages proximately caused by the use of the words, and has not offered anything more than inadequate boilerplate allegations of general impairment of reputation *(Linn v Plant Guard Workers,* 383 US 53; *see, Newsday, Inc. v Peck Contr.*, 87 AD2d 326, 328, *appeal dismissed* 57 NY2d 885). Having no compensable pecuniary or reputation damages, plaintiff cannot proceed solely on a claim of emotional distress (*see, France v St. Clare's Hosp. & Health Ctr.*, 82 AD2d 1, 5-6). Concur—Murphy, P. J., Sullivan, Milonas and Rubin, JJ.