■ PAINE, WEBBER, JACKSON & CURTIS, INCORPORATED, Respondent, v ALANTHUS CORPORATION, Appellant, et al., Defendants. — In an action to recover damages for breach of contract, fraud and negligent misstatement, defendant Alanthus Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (O'Gorman, J.), dated August 5, 1980, as denied its cross motion (1) for partial summary judgment and (2) to direct plaintiff to permit discovery with respect to certain discussions had between plaintiff and defendant Alanthus Corporation and their attorneys in the period subsequent to December 5, 1978. Order modified by deleting the provision denying that part of the appellant's cross motion which was to direct plaintiff to appear for further examination before trial. As so modified, order affirmed insofar as appealed from, without costs or disbursements, and matter remanded to Special Term for further proceedings in accordance herewith. Special Term properly declined to grant the cross motion of defendant Alanthus Corporation (Alanthus) insofar as it was for partial summary judgment. However, it appears that Special Term denied that part of Alanthus' cross motion which was for discovery with respect to certain discussions had between plaintiff and it and their respective attorneys, based upon an implicit finding that there had been an agreement between the parties that those discussions would be "off-the-record". Since there were contradictory affidavits in the record concerning whether, in fact, such an agreement had been made, Special Term should not have resolved the issue on the papers. Accordingly, we direct that an evidentiary hearing be held addressed to the factual issue of whether the discussions in question were had pursuant to an agreement that such discussions were "off-the-record". If it is determined that there was such an agreement, then no discovery with respect to those discussions may be had (see *White v Old Dominion S.S. Co.,* 102 NY 660). If it is determined that there was not such an agreement, then Alanthus may examine Donald Brown with respect to those discussions and perform such other discovery with respect thereto as may be appropriate. However, it must be borne in mind that, to the extent the discussions were settlement discussions, only those parts of the discussions which amounted to admissions of the existence of facts and were intended as such, are admissible at trial (see *White v Old Dominion S.S. Co., supra).* Hopkins, J.P., Mangano, Gulotta and Margett, JJ., concur.