■ In the Matter of SUSAN HARLEY, Respondent, v FREDERICK J. ZIEMS, Appellant. (Matter No. 1.) SUSAN M. HARLEY, Respondent, v GEORGE ERICK, Appellant. (Matter No. 2.) — Appeal from so much of an order of the Supreme Court, Suffolk County (Spatt, J.), dated May 17, 1982, as granted Susan Harley's motion to the extent of directing the firm of Pachman, Oshrin & Block, P. C., to withdraw as counsel for defendant-appellant in matter No. 2 and ordered the parties to proceed to trial in matter No. 1. Order modified, on the law, by deleting the provision granting Susan Harley's motion and substituting therefor a provision denying said motion and the firm of Pachman, Oshrin & Block, P. C., may continue its representation in both matters. As so modified, order affirmed insofar as appealed from, with costs to appellants. These matters arise out of the preparation of a separation agreement which had been drafted by one attorney, George Erick, an associate of the husband Frederick J. Ziems. Pursuant to the terms of the agreement, custody of the marital issue was given to the husband. The parties were subsequently divorced in August, 1979. In June, 1981, the wife, Susan Harley, commenced an action against Erick (matter No. 2) asserting legal malpractice, fraud and misrepresentation in the procurement of her consent to the separation agreement which resulted in depriving her of custody of her children. The firm of Pachman, Oshrin & Block, P. C., appeared on behalf of Erick. In January, 1982, Harley commenced a habeas corpus proceeding (matter No. 1) to recover custody of the marital issue alleging that Erick and Ziems conspired to deprive her of custody and that continued custody with Ziems would not be in the children's best interests. The Pachman firm also appeared on behalf of Ziems.

By notice of motion, returnable on February 11, 1982, Harley moved, *inter alia,* to disqualify Erick's counsel on the ground that conflict of interest was apparent in the dual representation because the damages in matter No. 2 would vary directly with the success or failure of Ziems in matter No. 1. Special Term granted the motion to disqualify the law firm to the extent of directing the Pachman firm to withdraw as counsel in matter No. 2. It held that "the very availability" of the argument for disqualification advanced by Harley warrants the disqualification. We disagree. The circumstances here present one of those rare situations where the interests of a client in retaining an attorney of his own choice and preference should prevail as against the general rule that the appearance of impropriety should be avoided (cf. *Cardinale v Golinello,* 43 NY2d 288, 294). While we have previously noted that "[a]n attorney should 'not be permitted to put himself in a position where, even unconsciously he will be tempted to "soft pedal" his zeal in furthering the interests of one client in order to avoid an obvious clash with those of another' (*Estates Theatres v Columbia Pictures Inds.,* 345 F Supp 93, 99)" (*Narel Apparel v American Utex Int.,* 92 AD2d 913, 914), here the interests of the represented parties are essentially similar and so any potential conflict of interest in their representation is at best minimal. We further note that Ziems and Erick are both attorneys who undoubtedly were fully aware of the consequences and potential risks in retaining the same firm. Moreover, it cannot be said that any genuine claim of prejudice arising from the Pachman Firm's continued dual representation may be advanced on behalf of Harley. Considering the totality of the circumstances, Special Term abused its discretion in granting the motion for disqualification. Mangano, J. P., Weinstein, Bracken and Niehoff, JJ., concur.