■ CROW-CRIMMINS-WOLFF & MUNIER, Appellant, v COUNTY OF WESTCHESTER, Respondent. TRANSAMERICA DELAVAL, INC., Additional Counterclaim Defendant-Respondent.—In an action, *inter alia,* to recover damages arising out of a contract for the construction of a sewage treatment facility, the plaintiff Crow-Crimmins-Wolff & Munier (hereinafter CCWM) appeals from an order of the Supreme Court, Westchester County (Gagliardi, J.), entered June 3, 1986, which, upon the motion of additional counterclaim defendant Transamerica Delaval, Inc. (hereinafter Delaval) for review pursuant to CPLR 3104 (d) of a ruling of a Judicial Hearing Officer (Zeck, J.H.O.), dated April 30, 1986, granted the motion and reversed those portions of that ruling which held that the observations, communications, and testing by Delaval in connection with its visit to the sewage treatment facility in 1986 are not per se immune from disclosure, and held that those observations, communications and testing were, per se, immune from disclosure.

Ordered that the appellant's notice of appeal is treated as an application for leave to appeal, said application is referred to Justice Eiber and leave to appeal is granted by Justice Eiber *(see,* CPLR 5701 [c]); and it is further,

Ordered that, upon appeal by permission, the order is affirmed, with costs.

As the parties to this litigation have repeatedly come before this court with appeals from particular discovery rulings in this action, we take this opportunity to note that no appeal as of right lies from an order on an application to review objections raised at an examination before trial *(see, Rockwood Natl. Corp. v Peat, Marwick, Mitchell & Co.,* 59 AD2d 573; *Roberts v Modica,* 102 AD2d 886; *Hughson v St. Francis Hosp.,* 93 AD2d 491, 495). However, in light of the prior appeals brought by other parties to this action, we elect to treat the

appellant's notice of appeal as an application for leave to appeal pursuant to CPLR 5701 (c), and hereby grant permission to appeal pursuant to that statute.

The question on appeal is whether the information CCWM sought from Delaval's manager of engineering, Gerald Trussell, during his examination before trial, was privileged matter pursuant to CPLR 3101 (b) and thus protected from disclosure.

While the burden of showing the appropriate immunity is on the party asserting it (see, Koump v Smith, 25 NY2d 287, 294), Delaval satisfied that burden with the submission, in camera, of a letter agreement between the county and it. That confidential agreement provided, in part, that for purposes of settlement, the county would permit inspection by Delaval's representatives of allegedly malfunctioning engines, and would permit those representatives to speak with county representatives during that visit, but that no statements made or information obtained thereby would be used for litigation.

It is well settled that if discussions are had between parties pursuant to an agreement that those discussions are off the record, "then no discovery with respect to those discussions may be had" (Paine, Webber, Jackson & Curtis v Alanthus Corp., 82 AD2d 877). Therefore, to the extent that the information sought by CCWM was the content of discussions had during the plant visit, discovery was clearly barred.

Admissions of fact explicitly or implicitly made "without prejudice" during settlement negotiations are protected from discovery pursuant to the public policy of encouraging and facilitating settlement (see, White v Old Dominion S. S. Co., 102 NY 661, 662). Actions taken and observations made for the stated purpose of arriving at a settlement agreement, and expressly not for litigation, which actions would not have been accomplished except in a mutual attempt to reach a settlement, should likewise generally be protected by the same public policy of encouraging attempts at settlement.

Moreover, CCWM is entitled to conduct its own tests and make its own observations of the engines, and under normal circumstances is not necessarily entitled to discovery regarding another party's tests and observations. Neither the fact that Delaval's test was conducted at a different time, nor that Delaval conducted its tests with the cooperation of the county when CCWM was unable to obtain such cooperation indicates that CCWM will be prejudiced by the lack of disclosure. The record contains no indication that CCWM would be unable to

obtain any necessary or relevant information from its own tests and observations.

Finally, if indeed Delaval institutes further design modifications in its engines, of course those modifications are discoverable *(see, Cover v Cohen,* 61 NY2d 261, 270). Bracken, J. P., Lawrence, Eiber and Spatt, JJ., concur.