(December 6, 1988)

■ JEFFREY STAMBOVSKY, Respondent, v WILLIAM J. REINER, Appellant.—Order of the Supreme Court, New York County (Burton S. Sherman, J.), entered on or about June 19, 1987, granting plaintiff's motion for a further examination of defendant before trial, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, and the motion denied.

In September 1985, plaintiff-respondent Stambovsky, the owner of a cooperative apartment at East 79th Street, commenced an action for a declaratory ruling that appellant Reiner, his tenant, was not entitled to a renewal lease under the Rent Stabilization Law of 1969 due to Reiner's failure to maintain the apartment as his primary residence. In February

of 1986 Reiner was deposed for nearly four hours by the attorney for Stambovsky. No request was made for further deposition at the close of Reiner's examination. Thereafter, in October of 1986 Stambovsky substituted counsel in this action. On June 1, 1987 his new attorney moved to compel a further deposition of Reiner, asserting that several areas relevant to the issue of Reiner's nonprimary residency had not been touched upon, including Reiner's utility usage at the premises, and his listed home address on business certificates and bank accounts. Stambovsky's new counsel claimed also that Reiner had failed to comply with a preliminary conference order which directed him to produce copies of utility bills, certificates of partnership and incorporation, and bank statements.

Reiner opposed the motion on the grounds that there had been vigorous and extensive examination of him by prior counsel in 1986, that he had not consented to a further deposition, and that the requested documents, if in his possession or control, would be produced. One hundred six pages of documents were produced on June 6, 1987.

The IAS court, by order dated June 19, 1987, granted Stambovsky's motion for a further examination to be held on July 6, 1987 or on any other date stipulated to by the parties. The cost of such examination was to be borne by Stambovsky. This court, on August 6, 1987, granted a stay pending perfection of the appeal for the October 1987 term. As of October 20, 1988, no brief on behalf of respondent Stambovsky has been filed with this court.

The trial court has broad discretion in supervising discovery in order to prevent harassment and abuse. *(Barouh Eaton Allen Corp. v International Business Machs. Corp.,* 76 AD2d 873, 874 [2d Dept 1980]; *Comstock & Co. v City of New York,* 80 AD2d 805, 806 [1st Dept 1981]; *see,* CPLR 3103 [a].) The scope of this court's review, therefore, is limited to a determination as to whether the court below abused its discretion in granting or denying discovery. *(Hirschfeld v Hirschfeld,* 69 NY2d 842, 844 [1987].)

Appellant submitted to an extensive examination before trial in 1986. Respondent's papers in support of the motion fail to demonstrate the existence of special circumstances necessitating a second examination. *(Zullo Lbr. v New York City Hous. Auth.,* 48 AD2d 453, 456 [1st Dept 1975]; *Tockman v Weiner,* 36 AD2d 773 [2d Dept 1971]; *Katz v Posner,* 23 AD2d 774 [2d Dept 1965].) The mere retaining of new counsel, in the absence of an adequate showing that the prior deposition was

deficient, fails to justify a further examination. Concur—Murphy, P. J., Kupferman, Sullivan, Ross and Smith, JJ.