■ RANDALL ELECTRIC, INC., Appellant, v STATE OF NEW YORK, Respondent.—Mercure, J. Appeal from an order of the Court of Claims (Benza, J.), entered May 24, 1988, which, inter alia, denied claimant's cross motion to compel discovery.

Claimant contracted with the State to perform electrical work associated with construction of Altona Correctional Facility in Clinton County. During the course of the work, claimant sought an increase in the contract price and an extension of the time within which to complete the contract to compensate for alleged increased costs and delays resulting from an unanticipated subsurface water condition. The requests were denied; the work progressed and was completed only one month beyond the scheduled date. After the contract had been fully performed and all but $200 of the contract price paid, claimant, still seeking reimbursement for its claimed increased costs, requested a meeting with representatives of the Office of General Services. Ensuing negotiations resulted in a tentative agreement to increase the contract amount by $138,689 in full satisfaction of claimant's potential claim. The settlement was submitted as change order No. 14 for approval by the Department of Audit and Control. However, the Comptroller rejected the tentative agreement, caus-

ing claimant to withdraw its conditional release and commence a claim for breach of contract. After issue was joined, claimant served a notice for discovery and inspection seeking: "Any and all records in the possession of the Office of General Services, the Department of Audit and Control and the Division of the Budget concerning the [proposed] change order". The notice further provided: "Included in this request are any and all recommendations and/or analysis prepared by any personnel of the [above-named offices] * * * specifically including any recommendations, analysis, or reports prepared by [certain specified individuals]."

The State refused to comply with the notice and, in response to a preclusion motion by the State which is not the subject of this appeal, claimant cross-moved for an order compelling the State to comply with the notice. The Court of Claims denied the cross motion, determining that the requested materials were "calculations of experts, prepared in evaluating the case for settlement negotiations" and not merely "back-up materials to a proposed change order that was part of the contract work". Claimant appeals.

We affirm. Initially, we note that the Court of Claims has broad discretion in supervising discovery in order to prevent harassment and abuse (see, Stambovsky v Reiner, 145 AD2d 309; see also, Watts v Peekskill Bell, 147 AD2d 838), and our inquiry is limited to whether the Court of Claims abused its discretion (see, Hirschfeld v Hirschfeld, 69 NY2d 842, 844; Stambovsky v Reiner, supra). In our view, the Court of Claims acted within its discretion in determining that the State had met its burden of establishing that the material was immune from disclosure (see, Koump v Smith, 25 NY2d 287, 294). As was stated in Crow-Crimmins-Wolff & Munier v County of Westchester (126 AD2d 696, 697): "Admissions of fact explicitly or implicitly made 'without prejudice' during settlement negotiations are protected from discovery pursuant to the public policy of encouraging and facilitating settlement (see, White v Old Dominion S. S. Co., 102 NY 661, 662). Actions taken and observations made for the stated purpose of arriving at a settlement agreement, and expressly not for litigation, which actions would not have been accomplished except in a mutual attempt to reach a settlement, should likewise generally be protected by the same public policy of encouraging attempts at settlement."

Turning to the record now before us, the affidavits submitted in opposition to the cross motion provide an adequate factual basis for a finding that the subject documents were

created specifically and directly as a result of the informal, off-the-record negotiations designed to settle claimant's claim and not in the normal course of the administration of the contract. We conclude that change order No. 14 and related documentation were put together solely to effect a negotiated settlement of the claim. The fact that the documents were prepared well after the completion of the contract belies claimant's assertion that they were prepared for the purpose of evaluating claimant's proposal for a change order. Nor can we agree that the contract's provision for submission of proposals for increased compensation by change order mandates disclosure of the material where, as here, the evidence shows that the procedure was followed for the sole purpose of attempting to effect a settlement. Finally, the fact that the material was not prepared solely for litigation (see, CPLR 3101 [d] [2]) is irrelevant. The immunity afforded materials prepared in connection with settlement of a claim is not derived from CPLR 3101 (d) (2) (see, Crow-Crimmins-Wolff & Munier v County of Westchester, supra).

Order affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.