■ CATHY BEAUCHAMP, Individually and as Mother and Natural Guardian of CELESTE WALLACE, an Infant, Appellant, v RIVERBAY CORPORATION et al., Respondents. (Action No. 1.) CATHY BEAUCHAMP, Individually and as Mother and Natural Guardian of CELESTE WALLACE, an Infant, Appellant, v SIL-MIL CORPORATION, Respondent. (Action No. 2.)—Order, Supreme Court, Bronx County (Jack Turret, J.), entered on or about February 26, 1988, which, *inter alia,* granted defendant D & A Seitzman's cross motion for discovery of plaintiffs' expert on factual data; and order of said court, entered on May 8, 1989, which, *inter alia,* denied plaintiffs' motion for a protective order, unanimously affirmed, without costs. The appeal from the order of said court, entered on or about February 26, 1988, which, *inter alia,* denied an amendment to the caption is unanimously dismissed as academic, without costs.

In this personal injury action involving a purportedly defective washing machine, plaintiffs appeal from the order which denied amendment of the caption to name Sil-Mil Corporation as a separate entity. After the court denied the amendment, plaintiffs timely commenced a separate action against Sil-Mil Corporation and successfully moved to consolidate that action with the original proceeding. Since the change in circumstances resolved the matter and no controversy exists, the appeal has become academic. *(Matter of Anonymous v New York City Health & Hosps. Corp.,* 70 NY2d 972, 974 [1988].)

Plaintiffs' claim that the court improperly denied their request for a further EBT of Edward Milgram is not properly before this court by reason of the fact that their notice of appeal from the order specifically limited the appeal to that part of the order which granted D & A Seitzman's cross motion for production of plaintiffs' expert's report. " 'An appeal from only part of [the] order constitutes a waiver of the right to appeal from the other parts of that order". *(Dingle v Pergament Home Centers,* 141 AD2d 798, 799 [2d Dept 1988].)

In addition, IAS acted properly in directing plaintiffs to furnish defendant with a copy of their expert's report concerning his examination of the subject washing machine which was disposed of and no longer available for inspection by defendant's experts. (CPLR 3101 [d] [1] [i], [iii]; *Rosario v General Motors Corp.,* 148 AD2d 108, 109 [1st Dept 1989].) Finally, IAS did not abuse its discretion when it declined to issue a protective order against Sil-Mil Corporation's discovery

requests. *(See, Stambovsky v Reiner,* 145 AD2d 309, 310 [1st Dept 1988].) Concur—Kupferman, J. P., Carro, Asch, Rosenberger and Smith, JJ.