■ LUCILLE ALLEGRETTI-FREEMAN et al., Respondents, v PETER BALTIS et al., Appellants, et al., Defendant. (And 16 Other Related Actions.) [613 NYS2d 449] —Cardona, P. J. Appeal from an order of the Supreme Court (Kahn, J.), entered July 1, 1993 in Albany County, which, *inter alia,* granted plaintiffs' cross motion for a protective order.

Plaintiffs are present and former homeowners in the Orchard Park Development in the Town of New Scotland, Albany County. Seeking to recover damages against the real estate development company, its principal, his wife and the realtor employed by the corporation to market the homes, plaintiffs commenced a single action in November 1988 for breach of contract and breach of warranty based upon alleged structural defects and contaminated water in their homes. In

January 1989, Supreme Court granted a defense motion to sever the action resulting in 17 separate, but related actions. In September 1989, the law firm of Maynard, O'Connor & Smith (hereinafter Maynard) was substituted as attorneys for the multiple plaintiffs. Discovery proceedings were commenced in December 1992 and informally consolidated in all 17 actions. During an examination before trial in February 1993, attorneys for defendants learned that plaintiffs entered into a written agreement, drawn by Maynard, apparently conditioning settlement or compromise of any individual case on the majority approval of the other plaintiffs. When plaintiffs refused defendants' demands for production of the agreement, defendants moved to compel its production. Defendants also sought disqualification of Maynard, alleging a conflict of interest. In order to prevent disclosure of the agreement, plaintiffs cross-moved for a protective order. Supreme Court denied defendants' motions and granted the cross motion. Defendants appeal.

Initially, we reject defendants' argument that plaintiffs' agreement is discoverable. Discovery is limited to that which is "material and necessary in the prosecution or defense of an action" (CPLR 3101 [a]) and entails liberal disclosure, upon request, "of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason" (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406; see, Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 376). We fail to see how the agreement conditioning settlement among the plaintiffs relates, even tangentially, to any material issue in the underlying causes of action for breach of contract and breach of warranty or relates to any issues that any party must prove at trial. Because plaintiffs satisfied their burden of demonstrating that the agreement was exempt from disclosure (see, Brossoit v O'Brien, 169 AD2d 1019, 1020), Supreme Court properly exercised its discretion to deny the motion to compel its production.

Next, we find no merit in defendants' contention that the agreement violates public policy by placing an improper restriction on the ability of any individual plaintiff to settle. The record indicates that defendants have conveyed but a single offer to settle one of the actions, and that offer had not been rejected at the time the parties perfected this appeal. Thus, defendants' claim that individual plaintiffs will be prevented from settling is mere speculation. Additionally, where, as here, several plaintiffs agree among themselves to pool their

resources for litigation purposes, we cannot say that it is improper for them to require as a part of that agreement that their cases be handled in a uniform manner. We also find unpersuasive defendants' argument that the agreement infringes upon their own "right" to settle with plaintiffs. While we recognize the importance of encouraging settlements *(see, Randall Elec. v State of New York,* 150 AD2d 875, 876), we discern no legal authority, much less one of constitutional dimension, creating such a right in defendants. Settlements have only one genesis, the "meeting of the minds" of the respective litigants.

Defendants' last contention is that Maynard, as drafter of the agreement among the multiple plaintiffs, should be disqualified because it creates an impermissible conflict of interest. We agree with plaintiffs that the mere representation of multiple parties does not alone pose a conflict requiring separate counsel *(see, e.g., Rowe v De Jesus,* 106 AD2d 284). However, because a lawyer is charged with "a high degree of undivided loyalty to his client" *(Matter of Kelly,* 23 NY2d 368, 375), the lawyer "should never represent in litigation multiple clients with differing interests; and there are few situations in which [the lawyer] would be justified in representing in litigation multiple clients with potentially differing interests" (Code of Professional Responsibility EC 5-15).

In this case it is not difficult to envisage a scenario wherein Maynard's loyalty to the multiple plaintiffs would become divided should certain plaintiffs desire to accept a settlement offer notwithstanding the majority's lack of consent. At that point, Maynard would be placed in the untenable and unacceptable position of having to represent the interests of both the breaching and nonbreaching parties. It is important to emphasize that such a scenario has not arisen and may never arise. Presently, the interests of all plaintiffs are essentially the same so that any potential risk of conflicting or differing interests in their representation appears minimal *(see, Matter of Harley v Ziems,* 98 AD2d 720, 721).

Additionally, because disqualification would, under the present circumstances, pose a great hardship for plaintiffs in the form of delay and increased litigation expenses, we find this to be "one of those rare situations where the interests of a client in retaining an attorney of [one's] choice and preference should prevail as against the general rule that the appearance of impropriety should be avoided (cf. *Cardinale v Golinello,* 43 NY2d 288, 294)." *(Matter of Harley v Ziems, supra,* at 721.) Although we do not find the facts here sufficient to warrant

disqualification *at this time*, the attorneys and our courts must always remain vigilant so that the "overriding public interest in the integrity of our adversary system" will not be ignored *(Greene v Greene,* 47 NY2d 447, 453).

Mikoll, Mercure, Casey and Weiss, JJ., concur. Ordered that the order is affirmed, with costs.