■ JOSEPH CUTRONE et al., Respondents, v FRANK GACCIONE, Appellant. [619 NYS2d 758] —In an action, *inter alia,* for reimbursement of mortgage and tax payments allegedly made by the plaintiffs on certain real property, the defendant appeals from so much of an order of the Supreme Court, Westchester County (Wood, J.), entered October 16, 1992, as denied in part those branches of his motion which were to compel the plaintiffs to answer certain questions put to them at their examinations before trial which they refused to answer, to compel them to produce the books, records, and documentation requested, and to compel them to undergo further examinations before trial.

Ordered that the appellant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted *(see,* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion; and it is further,

Ordered that those branches of the defendant's motion which were to compel the plaintiffs to answer the questions put to them at their examinations before trial which they refused to answer, and to compel them to produce the books, records, and documentation requested, are granted; and it is further,

Ordered that those branches of the motion which were to compel the plaintiffs to submit to further examinations before trial are granted, to the extent that the plaintiff Joseph Cutrone is directed to submit to a further deposition at a time and place to be set forth in a written notice of no less than 10 days, or at such time and place as the parties may agree, and the plaintiff Marie Cutrone, in lieu of attending a deposition, is directed to answer interrogatories submitted to her by the defendant within 30 days after service upon her of the interrogatories; and it is further,

Ordered that the appellant is awarded one bill of costs.

Although no appeal as of right lies from an order on an application to review objections raised at an examination before trial (see, *Crow-Crimmins-Wolff & Munier v County of Westchester*, 126 AD2d 696; *Rockwood Natl. Corp. v Peat, Marwick, Mitchell & Co.*, 59 AD2d 573; *Hughson v St. Francis Hosp.*, 93 AD2d 491), we elect to treat the appellant's notice of appeal as an application for leave to appeal pursuant to CPLR 5701 (c), and to grant permission to appeal.

This action involves a dispute over real property in which the plaintiffs, the defendant Frank Gaccione, and a third party, Carmine Gaccione, claim an interest. In a prior action brought solely by Carmine Gaccione, he sought, unsuccessfully, a judgment that Frank Gaccione did not have an interest in the property. In this action, the plaintiffs also seek, among other things, to establish that Frank Gaccione has no interest in the property. Frank Gaccione contends that Carmine Gaccione is the real party in interest in this action, and that he is, in effect, seeking the same relief but using the plaintiffs in an effort to avoid the res judicata effect of his former unsuccessful action. Frank Gaccione further claims that Carmine Gaccione is sponsoring the instant lawsuit, as suggested by the deposition testimony of the plaintiff Marie Cutrone, in which she stated that neither she nor her husband, the plaintiff Joseph Cutrone, paid for certain attorneys' fees in this action, and they had no idea who had paid for them.

Frank Gaccione subsequently moved to compel the plaintiffs to answer certain deposition questions which their attorney had directed them not to answer. The Supreme Court denied the motion and Frank Gaccione now appeals.

CPLR 3101 (a) provides that "[t]here shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof". The settled law is that the phrase "material and necessary" should be interpreted liberally in favor of disclosure *(see, Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403; *Zellman v Metropolitan Transp. Auth.,* 40 AD2d 248).

Because the plaintiffs are seeking to recover legal fees, their fee arrangement with counsel, as well as the terms of the legal retainers are discoverable, since they are not protected by any privilege *(see, Matter of Priest v Hennessy,* 51 NY2d 62; *Oppenheimer v Oscar Shoes,* 111 AD2d 28; *Rumrill-Hoyt, Inc. v Perri,* 97 AD2d 951; *People v Belge,* 59 AD2d 307; *Matter of Glines v Estate of Baird,* 16 AD2d 743; *Lincoln First Bank v Miller,* 89 Misc 2d 727).

Contrary to the plaintiffs' argument, the question as to whether Carmine Gaccione, a nonparty to this litigation, was the individual who procured an appraisal of the instant property, and whether he was the one who, in fact, controlled settlement negotiations, do not pertain to a settlement offer, but rather pertain to whether a specified nonparty has taken certain specified actions with respect to this lawsuit. When material does not constitute evidence of an offer of settlement, but rather constitutes factual admissions made during settlement negotiations, the admissions are not privileged unless it is expressly stated that the admissions are "without prejudice" *(see, Central Buffalo Project Corp. v Rainbow Salads,* 140 AD2d 943, 944; *Crow-Crimmins-Wolff & Munier v County of Westchester,* 126 AD2d 696, *supra; Paine, Webber, Jackson & Curtis v Alanthus Corp.,* 82 AD2d 877). Since the record does not indicate that any material or information pertaining to the alleged settlement was expressly stated to be "without prejudice", the information sought by Frank Gaccione is discoverable. Moreover, and contrary to the plaintiffs' contentions, the questions put to the plaintiffs pertaining to the timing of the commencement of this lawsuit do not seek to compel the plaintiffs to answer questions of law *(see, Lobdell v South Buffalo Ry. Co.,* 159 AD2d 958), or to draw legal inferences or inclusions from the facts *(see, Lobdell v South Buffalo Ry. Co., supra; Lakeville Merrick Corp. v Town Bd.,* 23 AD2d 584). The record shows that the plaintiffs were wit-

nesses in the lawsuit that was previously brought by Carmine Gaccione. In that lawsuit, Carmine Gaccione allegedly claimed that he was the owner of the very property which the plaintiffs now claim to own. Yet, the plaintiffs allegedly never sought to be joined as parties in the action brought by Carmine Gaccione. Nor did they assert their interest in the property in any way. Thus, the questions go to the viability of Frank Gaccione's affirmative defenses based on laches and equitable estoppel.

However, in light of the fact that the record indicates that the plaintiff Marie Cutrone is in poor physical condition, further examination of her should be done by way of interrogatories. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.