■ LAWRENCE BERMAN, Appellant, v HERBERT COLOR LITHO-GRAPHERS CORP., Respondent. [636 NYS2d 98] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) a decision of the Supreme Court, Nassau County (Saladino, J.), dated April 26, 1994, and (2) a judgment of the same court (McGinity, J.), dated July 6, 1994, which, after a nonjury trial and upon a determination by the Trial Justice that the plaintiff had failed to establish a prima facie case, dismissed the complaint.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.*, 100 AD2d 509); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

There is no merit to the plaintiff's contention that the Trial Justice should have recused himself because of past friction with one of the attorneys representing the plaintiff. Where, as here, no statutory ground for disqualification was present (*see,* Judiciary Law § 14), it is up to the conscience and discretion of the court to determine whether or not it should recuse itself (*see, People v Moreno*, 70 NY2d 403; *People v Hoehne*, 203 AD2d 480). We conclude that the Trial Justice properly refused to recuse himself.

We also agree with the Trial Justice's determination that the defendant did not breach any duty to the plaintiff. Mangano, P. J., Miller, Copertino, Santucci and Hart, JJ., concur.

■ EARL BIHN, Respondent, v WAVECREST APARTMENTS CORP., Appellant. (And a Third-Party Action.) [636 NYS2d 663] —In an action to recover damages for personal injuries, the defendant Wavecrest Apartments Corp. appeals from an order of the Supreme Court, Suffolk County (Floyd, J.), dated September 20, 1994, which denied its motion to compel a further examination before trial of the plaintiff and to compel the plaintiff to comply with a demand for certain authorizations.

Ordered that the appeal is dismissed, with costs.

No appeal as of right lies from an order deciding an application to review objections raised at an examination before trial (*see, Cutrone v Gaccione*, 210 AD2d 289, 290; *Crow-Crimmins-Wolff & Munier v County of Westchester*, 126 AD2d 696), and we decline to treat the defendant Wavecrest Apartments Corp.'s notice of appeal as an application for leave to appeal pursuant to CPLR 5701 (c). Sullivan, J. P., Thompson, Krausman and Florio, JJ., concur.