■ EMPLOYERS INSURANCE OF WAUSAU, Plaintiff, v AMERICAN HOME PRODUCTS CORPORATION et al., Respondents, and LIBERTY MUTUAL INSURANCE COMPANY, Appellant. [655 NYS2d 950] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered September 3, 1996, which denied defendant-appellant's motion pursuant to CPLR 3104 (d) to reverse the supervising Referee's protective order with respect to defendant-respondents' settlement agreements, unanimously affirmed, with costs.

In this declaratory judgment action to determine insurance coverage for certain hazardous waste sites, the Referee concluded, after an in camera inspection, that the settlement documents in the actions involving appellant's insured were, as marked, confidential and, thus properly concluded they were not discoverable (*see, Crow-Crimmins-Wolff & Munier v County of Westchester*, 126 AD2d 696). In any event, appellant does not

respond to the settling insured's contention that the documents sought are not necessary to appellant's position that the costs incurred by its insured in reaching the settlement were not reasonable. Although the give and take between the settling parties may have had an impact on such costs, this would be a very minor portion of the total amount for which reimbursement is sought, and may be adequately determined from a review of the litigation file in each of the settled actions. In short, the need for disclosure is outweighed by the policy interest in confidentiality for the sake of settlement. We have considered appellant's other contentions and find that they do not warrant disturbing the order. Concur—Murphy, P. J., Sullivan, Milonas and Mazzarelli, JJ.