■ TOMMY HILFIGER U.S.A., INC., Plaintiff, v INSURANCE COMPANY OF NORTH AMERICA, Respondent, and PSFS, INC., Appellant, et al., Defendant. [658 NYS2d 837] —Appeal of defendant PSFS, Inc. from an order, Supreme Court, New York County (Herman Cahn, J.), entered October 11, 1995, which, *inter alia*, denied its motion to compel the claims adjuster of defendant Insurance Company of North America (INA) to respond to certain questions concerning the subject insurance policy that were asked at her deposition and to have her supervisor produced for a further deposition, dismissed, without costs.

It is long established that rulings directed to an examination before trial, whether made upon motion papers or not, are not appealable as of right (*Lee v Chemway Corp.*, 20 AD2d 266).

Here, PSFS's motion seeking, *inter alia*, to compel responses to certain questions asked at the deposition of INA's claims adjuster and seeking to have her supervisor produced for a further deposition, was, in effect, an application seeking rulings on an examination before trial (*see, Caraballo v New York Hosp.*, 170 AD2d 190; *see also, Sainz v New York City Health & Hosps. Corp.*, 106 AD2d 500). While, as noted by the dissent, there are occasions where a notice of appeal may be treated as an application for leave to appeal (CPLR 5701 [c]), the instant case does not warrant such treatment. Were we to consider the merits, we would affirm with leave to renew the motion upon properly reformulated questions. Concur—Ellerin, J. P., Wallach, Williams and Andrias, JJ.

Tom, J., dissents in a memorandum as follows: Insurance Company of North America (INA) issued a marine insurance policy to plaintiff insuring against the loss of goods and merchandise during shipment to plaintiff's warehouses. PSFS and co-defendant Grifon Insurance Agency acted as plaintiff's brokers in procuring the policy, which was a "manuscript" rather than a form policy, specifically tailored to plaintiff's unique insurance needs.

In February and March 1994, plaintiff allegedly incurred losses resulting from four shipments arriving with significant shortages of goods. INA paid the initial claim, but declined coverage for the three subsequent containers on the ground that timely notice had not been given that the containers were short of goods.

Plaintiff thereafter commenced this action, claiming that INA wrongfully refused to indemnify it for $1.2 million for which it was insured under the policy; that it had notified INA in a timely fashion and in full compliance with the terms and conditions of the policy; and that if INA's disclaimer based on late notice was proper, then PSFS was responsible pursuant to its promise to "notice, handle, investigate, document and adjust all claims of loss".

At an examination before trial, INA's claims representative, Mary Ann Kriedman, testified regarding the circumstances upon which she based her decision to disclaim the subject claims. PSFS's counsel asked if she understood what the word "loss" meant in the subject policy, to which she replied in the affirmative. When Ms. Kriedman next was asked "can you tell us [what loss means] in this particular policy," INA's counsel directed her not to answer the question as asked because it was not directed to the specific claims at issue and, therefore, had no pertinence. Ms. Kriedman subsequently was asked if

she had an understanding what the phrase "prompt notice" meant, which she also answered in the affirmative. Again, INA's counsel directed her not to elaborate, voicing the same objection. Ms. Kriedman also was directed not to answer questions concerning the existence of books, notices or memos that defined the terms of cargo insurance policies; and INA refused to schedule the depositions of certain other employees, specifically two policy underwriters and Ms. Kriedman's supervisor.

PSFS thereafter moved to compel the claims representative to answer the questions she had been directed not to answer, and to compel INA to produce the three witnesses. Grifon joined in the motion. The IAS Court sustained INA's objections with regard to the questions concerning the claims representative's understanding of "loss" and "prompt notice", directed the depositions of the other underwriters, and declined to order the deposition of the supervisor.

As a threshold matter, while I agree with the majority that rulings directed to an EBT are not appealable as of right (*Huggins v New York City Tr. Auth.*, 225 AD2d 732), sufficient authority exists for the proposition that a notice of appeal may be treated as an application for leave to appeal under CPLR 5701 (c) (*Cutrone v Gaccione*, 210 AD2d 289, 290; *Crow-Crimmins-Wolff & Munier v County of Westchester*, 126 AD2d 696, 696-697; *Greenfield v Greenfield*, 147 AD2d 440; *see also, Matter of Commissioner of Social Servs. [Dawn Marie O.] v Klaus D.*, 188 AD2d 381; *cf., Bihn v Wavecrest Apts. Corp.*, 222 AD2d 640 [decline to treat notice of appeal as application for leave to appeal]). Since the issue regarding the adjuster's understanding of the terms in issue is crucial to the action, plaintiff's notice of appeal should have been treated as an application for leave to appeal and permission to appeal should be granted.

The scope and supervision of discovery generally is within the sound discretion of the trial court (*Carella v King*, 198 AD2d 567; *Farrakhan v N.Y.P. Holdings*, 226 AD2d 133), although such discretion is not unlimited (*Conway v Bayley Seton Hosp.*, 104 AD2d 1018). A party is entitled to full disclosure of all matter "material and necessary" in the prosecution and defense of an action (CPLR 3101 [a]). It is also axiomatic that the courts are to apply a liberal interpretation to the phrase "material and necessary" as found in CPLR 3101 (a), so as to enlarge the permissible use of pretrial procedures (*Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:5).

Upon a review of the record, and the facts and issues raised herein, I conclude that Ms. Kriedman's testimony concerning the terms in question is material and necessary and, indeed, pivotal to plaintiff's action. It is uncontroverted that Ms. Kriedman was the claims adjuster who made the determination to disclaim plaintiff's claims. Therefore, her understanding of these terms is the only basis upon which plaintiff can determine the grounds upon which INA denied the claims and whether such denial was inconsistent with the terms of the policy. This is especially true since INA paid the claim pertaining to the first container and then chose to reject the claims involving the three containers which arrived thereafter. Plaintiff asserts that Ms. Kriedman unilaterally altered the terms of the policy due to the first loss to require "immediate notice" rather than the policy's stated "prompt notice". While her understanding of the terms is not dispositive as to the true meaning of the terms of the policy, it is essential to establish whether the denial of coverage was valid (*see*, *L. Woerner, Inc. v Travelers Cos.*, 174 AD2d 1056).

In addition, the IAS Court should have directed the deposition of Ms. Kriedman's supervisor, who had knowledge of the underlying dispute, of Ms. Kriedman's past payment of claims under the policy, whether Ms. Kriedman may have modified the terms of the policy, and, if so, the basis therefor.

Accordingly, I would modify the order of the IAS Court and direct the claims representative to answer questions regarding her understanding of the terms "loss" and "prompt notice" as used in the subject policy, and direct INA to produce the representative's supervisor for a deposition.