Frank v City of New York (2018 NY Slip Op 03922)





Frank v City of New York


2018 NY Slip Op 03922


Decided on May 31, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 31, 2018

Sweeny, J.P., Richter, Andrias, Kahn, Moulton, JJ.


6752 26099/02

[*1]Ian Frank, Plaintiff-Appellant,
v
City of New York, Defendant-Respondent.


John De Maio, New York, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Jason Anton of counsel), for respondent.



Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered January 14, 2016, which denied plaintiff's motion pursuant to CPLR 4401 and 4404(a) to set aside the jury verdict and enter judgment for plaintiff on his cause of action for false arrest, or, alternatively, for a new trial, unanimously affirmed, without costs.
Since plaintiff appealed only from the order denying his CPLR 4404 motion to set aside the verdict (rather than from a judgment), he has irretrievably waived arguments not raised therein, including his arguments that the jury verdict was inconsistent, and that the trial court erred in barring plaintiff from seeing to recover lost earnings (see CPLR 5515[1]; City of Mount Vernon v Mount Vernon Hous. Auth., 235 AD2d 516, 516-517 [2d Dept 1997]; Beauchamp v Riverbay Corp., 156 AD2d 172, 172 [1st Dept 1989]).
As to those issues which we have jurisdiction to entertain, we find that Supreme Court properly denied plaintiff's posttrial motion as defective, on account of his failure to annex the trial transcript, or relevant portions thereof. Given especially that plaintiff primarily seeks to set aside the verdict as against the weight of the evidence, "the absence of a transcript, or relevant portions thereof, precluded a meaningful review" (Gorbea v DeCohen, 118 AD3d 548, 549 [1st Dept 2014]).
Were we to consider plaintiff's remaining arguments not to be jurisdictionally foreclosed, we would find them to be without merit.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 31, 2018
CLERK