Matter of Carl B., Jr. (Carl B., Sr.) (2020 NY Slip Op 01735)





Matter of Carl B., Jr. (Carl B., Sr.)


2020 NY Slip Op 01735


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


29 CAF 18-01658

[*1]IN THE MATTER OF CARL B., JR. MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, PETITIONER-RESPONDENT; CARL B., SR., RESPONDENT-APPELLANT.






PAUL B. WATKINS, FAIRPORT, FOR RESPONDENT-APPELLANT.
MICHAEL E. DAVIS, COUNTY ATTORNEY, ROCHESTER (CAROL L. EISENMAN OF COUNSEL), FOR PETITIONER-RESPONDENT.
ELIZABETH deV. MOELLER, ROCHESTER, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Monroe County (Stacey Romeo, J.), entered August 13, 2018 in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law
§ 384-b, respondent father appeals from an order that, inter alia, terminated his parental rights with respect to the subject child on the ground of permanent neglect. Contrary to the contention of the father, Family Court properly denied that part of his motion seeking to disqualify the public defender's office from representing the mother. The father failed to meet his "burden of making a clear showing that disqualification is warranted' " (Lake v Kaleida Health, 60 AD3d 1469, 1470 [4th Dept 2009]; see Olmoz v Town of Fishkill, 258 AD2d 447, 447-448 [2d Dept 1999]) by establishing: "(1) the existence of a prior attorney-client relationship between the moving party and opposing counsel, (2) that the matters involved in both representations are substantially related, and (3) that the interests of the present client and former client are materially adverse" (Tekni-Plex, Inc. v Meyner & Landis, 89 NY2d 123, 131 [1996], rearg denied 89 NY2d 917 [1996]; see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.9 [a]; see also Matter of Gustavo G., 9 AD3d 102, 105 [1st Dept 2004]). Although the father established that a prior attorney-client relationship existed between himself and the public defender's office and that a member of that office currently represented the mother, the father failed to establish that his interests and the mother's interests were materially adverse. To the contrary, the record demonstrates that both parents desired to have the child placed with family members rather than in foster care (see Matter of Harley v Ziems, 98 AD2d 720, 721 [2d Dept 1983]).
We also reject the father's contention that the court erred in denying that part of his motion seeking to remove the Attorney for the Child (AFC). No conflict of interest arose from the fact that other attorneys from the same legal aid society previously represented two of the mother's other children in an unrelated proceeding and advocated that they be placed with the mother's relative, whereas the AFC advocated placing the subject child in foster care. Moreover, although the father contends that, in recommending that the child remain in foster care instead of being placed with his siblings in the care of the mother's relative, the AFC failed to advocate for the child's best interests, we note that the other children of the mother had not developed a relationship with the subject child, who has lived with his foster parents for the vast majority of his life, and thus the father's reliance on cases supporting the proposition that siblings should [*2]remain together is misplaced (see e.g. Obey v Degling, 37 NY2d 768, 771 [1975]; Salerno v Salerno, 273 AD2d 818, 819 [4th Dept 2000]). Inasmuch as there was no conflict of interest and the AFC did not fail to diligently represent the best interests of the child, we conclude that the court properly denied the father's motion to remove the AFC (see Sagaria v Sagaria, 173 AD3d 1096, 1097 [2d Dept 2019]).
We reject the father's further contention that the court erred in finding that the child is a permanently neglected child and in terminating the father's parental rights with respect to him. Petitioner met its burden of establishing "by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between the [father] and [the child] by providing services and other assistance aimed at ameliorating or resolving the problems preventing [the child's] return to [the father's] care' . . . and that the [father] failed substantially and continuously to plan for the future of the child although physically and financially able to do so" (Matter of Giovanni K., 62 AD3d 1242, 1243 [4th Dept 2009], lv denied 12 NY3d 715 [2009]; see Social Services Law § 384-b [7] [a]).
Petitioner created a service plan for the father that required him to engage in chemical dependency treatment and mental health therapy, obtain a stable source of income, and find stable housing. Petitioner also provided the father with transportation assistance and regular correspondence, including while he was incarcerated, and arranged visits between the father and the child. The father, however, failed to comply with the service plan, and missed several appointments to review the service plan with his caseworkers. His visits with the child were sporadic, at best, and the father missed medical and therapeutic visits for the child. Thus, we conclude that petitioner met its burden of establishing that the child was permanently neglected (see Matter of Brooke T. [Terri T.], 175 AD3d 1842, 1842 [4th Dept 2019]). Finally, the court properly denied the father's request for a suspended judgment (see Matter of Makayla S. [David S.— Alecia P.], 118 AD3d 1312, 1312 [4th Dept 2014], lv denied 24 NY3d 904 [2014]; Matter of Lillianna G. [Orena G.], 104 AD3d 1224, 1225 [4th Dept 2013]).
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court