Agbo v Constantin Assoc., LLP (2024 NY Slip Op 02133)

Agbo v Constantin Assoc., LLP

2024 NY Slip Op 02133

Decided on April 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 23, 2024

Before: Oing, J.P., Mendez, Shulman, Pitt-Burke, JJ. 

Index No. 653803/20 Appeal No. 2106 Case No. 2023-03948 

[*1]Adriana Agbo, Plaintiff-Appellant-Respondent,
v
Constantin Associates, LLP et al., Defendants-Respondents-Appellants.

Wilson, Elser, Moskowitz, Edelman & Dicker LLP, White Plains (Cynthia S. Butera of counsel), for appellant-respondent.
Lisa Cahill PLLC, New York (Lisa Cahill of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about July 6, 2023, which, to the extent as appealed from as limited by the briefs, granted plaintiff's motion for summary judgment insofar as it sought liability on her cause of action for breach of the written ownership agreement (first cause of action) and denied the motion insofar as it sought a declaration that plaintiff has a 65% ownership interest in defendant Constantin Associates, LLP, and denied defendant's cross-motion for summary judgment dismissing the first cause of action, unanimously affirmed, with costs.
Plaintiff established her entitlement to summary judgment on liability with respect to the cause of action for breach of contract. The evidence submitted on plaintiff's motion showed that the contract provided for issuance of a promissory note to plaintiff for the amount of her interest in Constantin Associates within 60 days of her resignation. Nevertheless, despite a year's notice of plaintiff's intention to resign, defendants took no steps toward the valuation of her interest or issuance of the note. As a result, defendants were liable for breach of the agreement. Despite defendants' contention otherwise, the naming of an accounting firm to value the interest is not a condition precedent to liability (see Unigard Sec. Ins. Co. v North Riv. Ins. Co., 79 NY2d 576, 581 [1992]).
However, plaintiff failed to establish her entitlement to a declaration that she was entitled to a 65% ownership of the business. As Supreme Court correctly found, the parties' agreement is ambiguous on the issue of what plaintiff is to be paid out for her interest in Constantin Associations, and plaintiff therefore is not entitled to summary judgment on that issue. Although plaintiff is correct that she may rely on extrinsic evidence where, as here, the relevant terms in the parties' agreement are ambiguous (see Slattery Slanska Inc. v American Home Assur. Co., 67 AD3d 1, 14 [1st Dept 2009]), none of the evidence offered on plaintiff's motion serves to resolve the ambiguity.
We decline to reach substantive issues not referenced in defendants' notice of cross-appeal, as those issues are deemed waived (see Beauchamp v Riverbay Corp., 156 AD2d 172, 172 [1st Dept 1989]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 23, 2024