Matter of Mionette A. (Danon A.A.) (2025 NY Slip Op 05594)

Matter of Mionette A. (Danon A.A.)

2025 NY Slip Op 05594

Decided on October 10, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, SMITH, NOWAK, AND DELCONTE, JJ.

712 CAF 23-01304

[*1]IN THE MATTER OF MIONETTE A. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; DANON A.A., RESPONDENT-APPELLANT.

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.
DEENA K. MUELLER-FUNKE, BUFFALO, FOR PETITIONER-RESPONDENT.
MELISSA A. CAVAGNARO, BUFFALO, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered July 21, 2023, in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6 and Social Services Law § 384-b, respondent father appeals from an order that terminated his parental rights with respect to the subject child on the ground of permanent neglect.
Contrary to the father's contention, we conclude that petitioner established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between the father and the child, and that the father nevertheless failed to plan appropriately for the child's future (see Social Services Law § 384-b [7] [a]; Matter of Kemari W. [Jessica J.], 153 AD3d 1667, 1667-1668 [4th Dept 2017], lv denied 30 NY3d 909 [2018]; see generally Matter of Star Leslie W., 63 NY2d 136, 142-143 [1984]). With respect to petitioner's diligent efforts, the record demonstrates that, after developing a service plan with the father, petitioner sent the father multiple letters inviting him to attend service plan review meetings and giving referrals for providers, called the father more than 15 times to discuss his progress, attempted to schedule an inspection of the father's home, informed the father that he needed to take additional parenting classes and supplied him with information on them, and provided the father with financial assistance and housing. Although the father also contends that petitioner failed to establish diligent efforts because it did not offer additional financial assistance to him, we reject that contention inasmuch as the services that petitioner arranged for the father were tailored to address the problems that gave rise to the removal of the child from his care (see Matter of Aric D.B. [Carrie B.], 221 AD3d 1502, 1503 [4th Dept 2023]; see generally Matter of Sheila G., 61 NY2d 368, 385 [1984]).
Furthermore, petitioner established that, despite petitioner's diligent efforts, the father failed to comply with the service plan inasmuch as he, inter alia, refused access to his home, refused to undergo a mental health evaluation, failed to provide proof of income, and failed to complete parenting classes. Moreover, the record reflects that the father has not visited the child since the removal proceedings were initiated, and that he has failed to progress meaningfully to overcome the issues that led to the child's removal from his care. Thus, we conclude that petitioner met its burden of establishing that the child was permanently neglected (see Aric D.B., 221 AD3d at 1503; Matter of Aubree R. [Natasha B.], 217 AD3d 1565, 1566 [4th Dept 2023], lv denied 40 NY3d 905 [2023]; Matter of Carl B., Jr. [Carl B., Sr.], 181 AD3d 1161, 1163 [4th Dept 2020], lv denied 35 NY3d 910 [2020]).
Entered: October 10, 2025
Ann Dillon Flynn
Clerk of the Court