■ FINGER LAKES PLUMBING & HEATING, INC., et al., Appellants, v LA VERN F. O'DELL et al., Respondents and Third-Party Plaintiffs-Respondents. HARRIS, BEACH, WILCOX, RUBIN & LEVEY, Third-Party Defendants-Respondents-Appellants. — Order unanimously affirmed, with costs. Memorandum: Plaintiffs have sued defendant attorneys for malpractice in connection with their representation of plaintiffs in a labor matter. They seek damages occurring after they discharged defendants, their original attorneys, and during the period plaintiffs were represented in the labor matter by their substituted attorneys, third-party defendants. Plaintiffs appeal from an order freeing third-party defendants from the restrictions of the attorney-client privilege and permitting them to disclose information pertaining to their representation of plaintiffs in connection with the labor matter. We agree with Special Term that, under the circumstances, by commencing the action against defendants and seeking damages for the period during which plaintiffs were represented by third-party defendants, plaintiffs have waived the attorney-client privilege as to the third-party defendants (see CPLR 4503; *Matter of Glines v Estate of Baird,* 16 AD2d 743; and see Code of Professional Responsibility, DR 4-101 [C] [4]). ¶ Because we hold that third-party defendants are relieved from any disability created by the attorney-client privilege, the denial of their motion to dismiss the third-party complaint is also affirmed. (Appeals from order of Supreme Court, Ontario County, Rosenbloom, J. — attorney-client privilege.) Present — Hancock, Jr., J. P., Doerr, Denman, Green and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSEPH PETER KIRCHGESSNER, Respondent. — Appeal unanimously dismissed as moot in view of defendant's recent retrial and acquittal. Were we to reach the merits of the appeal, we would affirm. (Appeal from order of Orleans County Court, Miles, J. — CPL art 440.) Present — Callahan, J. P., Denman, Boomer, O'Donnell and Schnepp, JJ.