[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISQUALIFY
The plaintiff, John W. Evans has filed a motion to disqualify the law firm of Day, Berry Howard from representing the defendants Reid Riege and Robert M. Mule. The plaintiff's motion is based on Day, Berry 
CT Page 12697 Howard's representation of another defendant who the plaintiff, John Evans is currently suing in a separate action. Evans was never a client of Day, Berry Howard and does not suggest he provided Day, Berry Howard with confidential information.
In 1984 Reid Riege represented Evans Cooling Associates ("ECA"), a Connecticut limited partnership in which John W. Evans is a general partner. Reid Riege prepared an opinion letter regarding federal income tax treatment of certain payments made in connection with a licensing agreement. Reid Riege's 1984 representation of ECA was for the limited purpose of preparing the tax opinion. Michael L. Coyle, a current Reid Riege shareholder in the tax department, was most actively involved in the 1984 opinion which was issued on February 25, 1984. Reid Riege ceased representing ECA upon completion of the opinion.
Approximately six years later, Reid Riege represented Connecticut National Bank in 1990 in the workout and collection of various notes issued to John W. Evans and Mecca Development, Inc., a corporation formed by Evans. Bob Mule was the attorney from Reid Riege most actively involved in the loan workout. Mr. Mule attended three meetings with CNB representatives and John Evans to discuss Evans' options for paying his loans. After the third meeting, Reid Riege withdrew from the case when Evans' attorney alleged that Reid Riege's representation of CNB was a conflict of interest because of the earlier representation of ECA.[1]
On August 26, 1993, John W. Evans filed a new lawsuit against Reid Riege. This nine count complaint, amended on March 25, 1994, alleges conflict of interest, breach of contract, violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), breach of implied covenant of good faith and fair dealing, breach of fiduciary duty, breach of a duty of confidentiality, and intentional interference with a business relationship. Evans' essential claim in all nine counts is that Reid Riege's representation of ECA in preparation of the 1984 tax opinion, and Reid Riege's subsequent representation of CNB in 1991 in connection with the loan workout against John Evans, constituted a conflict of interest. The CT Page 12698 plaintiff seeks to disqualify Day, Berry Howard because of its service as local counsel to General Motors Corporation in connection with two actions brought by Evans against General Motors.
To establish a conflict of interest, plaintiff must first establish an attorney/client relationship. See Connecticut Rules of Professional Conduct Rule 1.9 (1992); see also Prisco v. Westgate Entertainment, Inc.,799 F. Sup. 266, 269 (D. Conn. 1992) (Plaintiff's burden under Rule 1.9 is to show that the parties "actually had a prior attorney client relationship"); Padget v.Johnnycake Mountain Assocs., No. CV 90-0441435S, 1991 WL 258095, at #1 (Conn.Super. CT. Nov. 21, 1991) (disqualification denied when plaintiffs "failed to show that they themselves had in the past enjoyed an attorney-client relationship" with potential witnesses' attorney). John Evans Associates was not at any time a client of Day, Berry Howard. There is accordingly no conflict of interest as a result of Day, Berry Howard's representation of Reid and Riege and there is no authority for plaintiff's claim that a law firm should be disqualified from representing separate defendants sued by the same plaintiff. Day, Berry Howard never represented Evans, has no duty to Evans and is not obligated to refrain from defending other actions brought by Evans.
Evans seeks to disqualify Day, Berry Howard because Day, Berry Howard has access to Reid Riege's files. It is claimed that those files include information regarding Evans' patents and the federal income tax treatment of certain payments made in connection with a licensing agreement to hold patents. Such information, dating back to 1984 and largely available through public records, is simply not confidential. Indeed, the point of obtaining a patent is to protect information which you intend to make public.
Even if confidential information were involved, Evans waived any confidentiality claim when he sued Reid Riege for breach of contract. Connecticut Rules of Professional Conduct Rule 1.6(d) (1992); see alsoThornton v. Syracuse Savings Bank, 961 F.2d 1042, 1043
(3d Cir. 1992) (quoting GAB Business Services, Inc., v.CT Page 12699Syndicate 627, 809 F.2d 755, 762 (11th Cir. 1987) ("An attorney-client privilege may be waived if a party `injects into . . . litigation an issue that requires testimony from its attorneys or testimony concerning the reasonableness of its attorneys' conduct.'"); UnitedStates v. Stout, 723 F. Sup. 297, 310 n. 12 (E.D. Pa. 1989) (client waived its right to keep attorney/client communications confidential by filing suit against attorney); Finger Lakes Plumbing Heating, Inc. v.O'Dell, 101 App.Div.2d 1008, 476 N.Y.S.2d 670, 671 (1984) (clients waived attorney/client privilege by commencing malpractice action against attorneys). Evans similarly waived his right to keep attorney-client communications confidential by filing a lawsuit against his attorneys Reid and Riege.
Courts ruling on disqualification motions give deference to the defendant's interest in freely selecting counsel of their choice. In Re Peck, 112 B.R. 485, 489
(Bankr. D. Conn. 1990); see also Bergeron v. Mackler,224 Conn. 391, 397-98, 623 A.2d 489 (1993) (quotingGovernment of India v. Cook Industries, Inc.,569 F.2d 737, 739 (2d Cir. 1978)) ("In disqualification matters . . . we must be, `solicitous of a client's right to freely choose his counsel.'"); Chapman v. Norfolk Dedham Mutual Fire Ins. Co., No. 513098, 1992 WL 394490, at #5 (Conn.Super.Ct. Dec. 15, 1992) (the court must weigh the defendants' interests in freely selecting counsel of their choice) (attached as Ex. B). As the court in Government of India v. Cooke Industries, Inc., supra, explained:
 A client whose attorney is disqualified incurs a loss of time and money in being compelled to retain new counsel who in turn have to become familiar with the prior comprehensive investigation which is the core of modern complex litigation. The client moreover may lose the benefit of its long time counsel's specialized knowledge of its operations.
Id. at 739.
Day, Berry Howard has represented Reid Riege in two lawsuits brought by Evans. The first lawsuit, commenced on October 30, 1990, was withdrawn by Evans CT Page 12700 after the issues were fully joined and no further pleadings were required. Day, Berry Howard filed an appearance in that action, interviewed witnesses, responded to discovery, and in general, defended Reid 
Riege's interests. When Evans withdrew the first lawsuit, Day, Berry Howard was prepared for the second lawsuit. Day, Berry Howard again represented Reid Riege's interests, filing an appearance, attending depositions, responding to discovery and deposing the plaintiff, John Evans. Day, Berry Howard has been defending Reid 
Riege against Evans' claims for almost four years now, and the law firm is intricately familiar with the legal issues and defenses involved. To disqualify Day, Berry 
Howard at this point, with no evidence of a conflict of interest, would unfairly deprive Reid Riege and Robert Mule of the right to freely choose counsel. See e.g.,W.T. Grant Co. v. Haines, 531 F.2d 671, 677 (2d Cir. 1976) (disqualification denied when counsel had been engaged in investigation and preparation of the lawsuit for well over one year).
The plaintiff has cited no authority in the Rules of Professional Conduct or elsewhere to support Day, Berry Howard's disqualification. Even if plaintiff could cite authority, "a violation of professional ethics does not in any event automatically result in disqualification of counsel." W.T. Grant Co., supra at 677. "Because the courts must guard against strategic or tactical use of motion to disqualify counsel . . . such motions are subject to strict scrutiny." Chapman, supra. Plaintiff has represented no evidence to support his claim and under the strict scrutiny applied, has failed to meet his burden.
Plaintiffs asks this court to adopt a standard, never before applied in disqualification actions, that "the mere possibility of past or present access of confidential and privileged information" requires disqualification. The information at issue is not confidential. Moreover, the mere "appearance of impropriety" alone is not sufficient grounds for disqualification. Bergeron, 225 Conn. at 399 (1993) ("the appearance of impropriety alone is simply too slender a reed on which to rest a disqualification order except in the rarest of cases".) In the absence of actual CT Page 12701 impropriety, disqualification is overly cautious and unduly burdensome on defendants. See Goldenberg v.Corporate Air, Inc., supra at 515, discussing In reAirport Car Rental Antitrust Litg., 470 F. Sup. 495
(N.D. Cal. 1979) ("it would reflect an overabundance of caution" to disqualify firm on grounds that role as co-counsel to disqualified firm created an appearance of impropriety). In refusing to disqualify co-counsel, theIn re Airport Car Rental court considered the client's right to choose counsel and the harm to the client caused by disqualification. In Re Airport Car Rental Antitrust,470 F. Supp. at 502. Plaintiff has failed to provide any concrete reason why Day, Berry Howard should be disqualified especially given the burden to defendants of disqualification. Disqualification under such circumstances, where defendants' attorney happens to represent others being sued by the same plaintiff, would unduly limit representation and have a chilling impact on defendants' choice of counsel.
Finally, if there were any issue of disqualification it must be raised in the U.S. District Court in the case of Evans Cooling Systems, Inc. v. General MotorsCorporation, CV No 3:94 CV35 (JAC). The plaintiff makes no claim that the original appearances in this case brought a year before the district case was improper.
For the reasons set forth, the motion to disqualify is denied.