[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MOTION TO DISQUALIFY #101
This is the defendant's motion to disqualify the plaintiff's attorney, James Brennan, and the law firm of Brennan, Santoro Isaac ("BSI"). Attorney Brennan has represented the plaintiff in this claim against the City since April, 1995. Prior to the institution of this suit, Beth Mala, Executive Director of Workforce Connection ("Workforce"), contacted BSI to negotiate and prepare a lease for Workforce. Workforce is a regional organization comprised of several area municipalities, including the City of Waterbury. Attorney Santoro of BSI did represent Workforce in the negotiation and preparation of a lease for office space. The City was to be the designated Lessee in the lease.
In a preliminary draft of the lease, attached as Exhibit 2 to the City's brief or May 3, 1996, § 19, p. 6 allows for a termination of the lease if the federal and state funding for Workforce is decreased or terminated. In the same section of the City's brief is attached a letter to the Director of Workforce from Attorney Santoro asking the Director to forward the draft of the lease to the City's counsel for their review. The lease was clearly for the benefit of Workforce. In any event, before the lease was finally approved and consummated by both parties, and because the City raised this conflict issue, BSI withdrew its representation of Workforce.
The City claims that when Attorney Santoro of BSI negotiated and drafted the lease at the request of Workforce, he undertook the representation of the City itself. The City argues that the provisions of Rules 1.7 and 1.10 of the Rules of Professional conduct ("R.P.C.") require disqualification in this matter. The plaintiff argues that the City is merely a constituent of Workforce and that Rule 1.13 is not applicable since an attorney-client relationship never existed between BSI and the City or with any other constituent of Workforce. In addition the plaintiff argues that when confronted with the possibility of a conflict, BSI withdrew from its representation of Workforce. The plaintiff claims that presently BSI's relationship with Workforce is that of a former client, and that therefore, Rule 1.9, rather than Rule 1.7, controls. The plaintiff's final argument is that the City should be estopped from pursuing its motion to disqualify because Workforce represented itself as a distinct CT Page 9700 entity.
"The trial court has the authority to regulate the conduct of attorneys and has a duty to enforce the standards of conduct regarding attorneys. . . . Since October, 1986, the conduct of attorneys has been regulated also by the Rules of Professional Conduct, which were approved by the judges of the Superior Court and which superseded the Code of Professional Responsibility." (Citations omitted.) Bergeron v. Mackler, 225 Conn. 391, 397,623 A.2d 489 (1993). "The trial court has broad discretion to determine whether there exists a conflict of interest that would warrant disqualification of an attorney." Id.
"[D]isqualification frequently entails substantial prejudice to the client whose attorney is disqualified." Goldenberg v.Corporate Air, Inc., 189 Conn. 504, 515-16, 457 A.2d 296 (1983), rev'd on other grounds, 202 Conn. 660, 670, 522 A.2d 812 (1987). A court must be solicitous of a client's right to select her own counsel. Bergeron v. Mackler, supra, 225 Conn. 397-98. "The competing interests at stake in the motion to disqualify, therefore, are: (1) the [moving party's] interest in protecting confidential information; (2) the [objecting party's] interest in freely selecting counsel of [its] choice; and (3) the public's interest in the scrupulous administration of justice." Id., 398. A party moving for disqualification of an opponent's counsel must meet a high standard of proof. Moss v. Coughlin, Superior Court, judicial district of Danbury, Docket No. 317082 (April 4, 1995, Stodolink, J., 13 Conn. L. Rptr. 633); Riccitelli v. Riccitelli,
Superior Court, judicial district or New Haven, Docket No. 317852 (March 10, 1992, Bassick, J.).
The first question the court must is whether the City has established an attorney-client relationship with BSI. See R.P.C., Rule 1.9, Comment; Evans v. Reid Riege, P.C., Superior Court, judicial district of Litchfield, Docket No. 063465 (December 13, 1994, Pickett, J., 13 Conn. L. Rptr. 185). Once the existence of an attorney-client relationship is established, the court then determines whether there exists a "substantial relationship" between the present and past representations. State v. Jones,180 Conn. 443, 450, 429 A.2d 936 (1980); Wellner v. Carroll, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 727339 (January 6, 1995, Tierney, J.).
The fact that the designated lessee in the Workforce lease was the City does not in and of itself make BSI the attorney for CT Page 9701 the City. There is nothing here to suggest that BSI dealt directly with any City employee in the preparation of the lease, but only dealt with the office of the Corporation counsel, and even that was not directly but through the Director of Workforce. Nor is there any claim that BSI may have been privy to any information in its representation of Workforce that in any way could be in conflict with its representation of the plaintiff in this case. The court finds that there was no attorney-client relationship between BSI and the City. Even if the court were to find that such a relationship did exist prior to the time BSI withdrew as attorney for Workforce, there is no showing or any conflict of interest in the firm's representation of the plaintiff in the instant matter.
Rule 1.9 governs disqualification of counsel for conflicts of interest in the representation of a former client, providing that: "[a] lawyer who has formally represented a client in a matter shall not thereafter: (a) Represent another person in the same or a substantially related matter in which the person's interests are materially adverse to the interests of the former client unless the former client consents after consultation; or (b) Use information relating to the representation to the disadvantage of the former client except as Rule 1.6 would permit with respect to a client or when the information has become generally known." Rule 1.10(a) states that "[w]hile lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rule . . . 1.9."
"A conflict of interest based on a prior attorney-client relationship exists only if the moving party establishes that the attorney has since accepted employment that is adverse to the interests of a former client on a matter substantially related to the prior litigation." (Internal quotation marks omitted.)Fiddelman v. Redmon, 31 Conn. App. 201, 210, 623 A.2d 1064, cert. denied 226 Conn. 915, 628 A.2d 986 (1993). "This test has been honed in its practical application to grant disqualification only upon a showing that the relationship between the issues in the prior and present cases is patently clear or when the issues are identical or essentially the same." (Internal quotation marks omitted.) Bergeron v. Mackler, supra, 225 Conn. 399.
In denying a motion to disqualify, the court in Moss v.Coughlin, supra, found that the issues involved in pursuing a negligence action were not so patently clear or identical to CT Page 9702 those involved in the handling of real estate closings to warrant disqualification under Rule 1.9. Similarly, in Mainolfi v. ZoningBoard of Appeals, Derby, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 044459 (January 5, 1994, Rush, J.), the court also denied a motion to disqualify, finding that the issues involved in drafting a will and those involved in the application for a variance under existing zoning regulations were not essentially the same nor the relationship between them patently clear.
In the present case, there exists no connection between the specific issues involved in the present matter and or the prior representation of Workforce. Under the "substantial relationship" test, the issues involved in the drafting of the lease and those involved in the representation of the plaintiff in the present matter are not "essentially the same" and the relationship between those issues is not so "patently clear" as to disqualify the plaintiff's chosen counsel.
For the reasons herein stated,[1] the City's motion to disqualify Attorney Brennan and the law firm of Brennan Santoro Isaac from representing the plaintiff in this case is denied.
PELLEGRINO, J.